UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

JANICE RAZZANO,

                     Plaintiff,                  ANSWER

   - against -

REMSENBURG-SPEONK UNION FREE SCHOOL        11-CV-2920
DISTRICT, KATHERINE SALOMONE, THOMAS
KERR, LISA FOX, KEVIN FEDERICO, CECILIA
SPELLMAN-FREY, JOEL PETERSEN, RONALD M.        (LDW)(WDW)
MASERA AND JOHN KERN,

                   Defendants.

------------------------------------------------------------------------X

      Defendants, REMSENBURG-SPEONK UNION FREE SCHOOL DISTRICT, KATHERINE SALOMONE, THOMAS KERR, LISA FOX, KEVIN FEDERICO, CECILIA SPELLMAN-FREY, JOEL PETERSEN, RONALD M. MASERA and JOHN KERN, by their attorneys, DEVITT SPELLMAN BARRETT, LLP, answering plaintiff's Amended Complaint, respectfully alleges the following:

### PRELIMINARY STATEMENT

      1.      The allegations contained in the Preliminary Statement of the Amended Complaint characterize the legal action being brought and purport to invoke the jurisdiction of the Court pursuant to the enumerated statutes and, as such, the defendants make no answer save to demand strict proof thereof and to deny any conduct giving rise to any claim thereunder.

### JURISDICTION

      2.      The allegations contained in paragraphs numbered "FIRST" and "SECOND" of the of the Amended Complaint characterize the legal action being brought and purport to invoke the jurisdiction of the Court pursuant to the enumerated statutes and, as such, the defendants

make no answer save to demand strict proof thereof and to deny any conduct giving rise to any claim thereunder.

## VENUE

3.     Deny the allegations contained in paragraphs numbered "THIRD", "TENTH", "ELEVENTH", "TWELFTH", "THIRTEENTH", "FOURTEENTH", "SIXTEENTH", "SEVENTEENTH", "EIGHTEENTH", "NINETEENTH", "TWENTIETH", "TWENTY-SECOND", "TWENTY-THIRD", "TWENTY-FOURTH", "TWENTY-FIFTH", "TWENTY-SIXTH", "TWENTY-SEVENTH", "TWENTY-EIGHTH", "TWENTY-NINTH", "THIRTIETH", "THIRTY-FIRST", "THIRTY-SECOND", "THIRTY-FOURTH", "THIRTY-FIFTH", "THIRTY-SIXTH", "THIRTY-SEVENTH", "THIRTY-EIGHTH", "FORTIETH", "FORTY-FIRST", "FORTY-SECOND", "FORTY-THIRD", "FORTY-FOURTH", "FORTY-FIFTH", "FORTY-SIXTH", "FORTY-SEVENTH", "FORTY-EIGHTH", "FORTY-NINTH", "FIFTIETH", "FIFTY-SECOND", "FIFTY-THIRD", "FIFTY-FOURTH", "FIFTY-FIFTH" and "FIFTY-SIXTH" of the Amended Complaint and refer all questions of law to this Honorable Court.

4.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph numbered "FOURTH" of the Amended Complaint.

5.     Admit the allegations contained in paragraph numbered "FIFTH", and refer all questions of law to this Honorable Court.

6.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraphs numbered "SIXTH", "SEVENTH" and "EIGHTH" of the Amended Complaint and refer all questions of law to this Honorable Court.

7.      Deny the allegations contained in paragraph numbered "NINTH" of the Amended Complaint, except admit that Salomone was the Superintendent of the District.

8.      Deny the allegations contained in paragraph numbered "FIFTEENTH" of the Amended Complaint, except admit that Kerr was the President of the District's Board for the 2009/2010 school year.

9.      Deny the allegations contained in paragraph numbered "TWENTY-FIRST" of the Amended Complaint, except admit that Fox was the Vice-President of the District's Board of Education for the 2009/2010 school year.

10.     Deny the allegations contained in paragraph numbered "THIRTY-THIRD" of the Amended Complaint, except admit that Frey was a member of the District's Board of Education.

11.     Deny the allegations contained in paragraph numbered "THIRTY-NINTH" of the Amended Complaint, except admit that Petersen was a member of the District's Board of Education.

12.     Deny the allegations contained in paragraph numbered "FIFTY-FIRST" of the Amended Complaint, except admit that Kern was a member of the District's Board of Education.

## STATEMENT OF FACTS

13.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraphs numbered "FIFTY-SEVENTH", "FIFTY-EIGHTH", "SIXTY-EIGHTH", "SIXTY-NINTH", "SEVENTIETH", "SEVENTY-FIRST", "SEVENTY-SECOND", "SEVENTY-THIRD", "SEVENTY-FOURTH", "SEVENTY-SEVENTH", "EIGHTY-FOURTH", "EIGHTY-SEVENTH", "EIGHTY-NINTH", "NINETIETH", "NINETY-FIRST", "NINETY-THIRD", "NINETY-FOURTH", "NINETY-SIXTH", "ONE HUNDRED FIRST", "ONE HUNDRED SEVENTH", "ONE HUNDRED FOURTEENTH", "ONE HUNDRED

3

FIFTEENTH", "ONE HUNDRED SIXTEENTH", "ONE HUNDRED NINETEENTH", "ONE HUNDRED TWENTY-FIFTH", "ONE HUNDRED THIRTY-FIFTH", "ONE HUNDRED FIFTY-SECOND", "ONE HUNDRED FIFTY-FIFTH", "ONE HUNDRED SEVENTIETH", "ONE HUNDRED SEVENTY-FIRST", "ONE HUNDRED SEVENTH-SECOND", "ONE HUNDRED SEVENTY-FIFTH", "ONE HUNDRED SEVENTY-SIXTH", "ONE HUNDRED EIGHTY-FOURTH", "ONE HUNDRED EIGHTY-FIFTH", "ONE HUNDRED NINETY-SIXTH", "ONE HUNDRED NINETY-NINTH", "TWO HUNDRED FOURTEENTH", "TWO HUNDRED FIFTEENTH", "TWO HUNDRED SIXTEENTH", "TWO HUNDRED SEVENTEENTH", "TWO HUNDRED NINETEENTH", "TWO HUNDRED TWENTIETH", "TWO HUNDRED THIRTY-FOURTH", "TWO HUNDRED FORTY-SECOND", "TWO HUNDRED FIFTY-NINTH", "TWO HUNDRED SIXTY-FIFTH",  "TWO HUNDRED SEVENTY-FOURTH", "THREE HUNDRED FIFTEENTH" and "THREE HUNDRED FORTY-FIRST" of the Amended Complaint.

14.     Deny the allegations contained in paragraphs numbered "SIXTIETH", "SIXTY-FOURTH", "SIXTY-FIFTH", "SEVENTY-NINTH", "EIGHTY-SECOND", "EIGHTY-SIXTH", "EIGHTY-EIGHTH", "NINETY-NINTH", "ONE HUNDRED FIFTH", "ONE HUNDRED SIXTH", "ONE HUNDRED TWENTY-FIRST", "ONE HUNDRED TWENTY-SECOND", "ONE HUNDRED TWENTY-NINTH", "ONE HUNDRED THIRTIETH", "ONE HUNDRED THIRTY-SEVENTH", "ONE HUNDRED THIRTY-EIGHTH", "ONE HUNDRED THIRTY-NINTH", "ONE HUNDRED FORTY-FIRST", "ONE HUNDRED FORTY-EIGHTH", "ONE HUNDRED FIFTY-SEVENTH", "ONE HUNDRED FIFTY-EIGHTH", "ONE HUNDRED SIXTY-FIRST", "ONE HUNDRED SIXTY-FOURTH", "ONE HUNDRED SIXTY-SEVENTH", "ONE HUNDRED SEVENTY-THIRD", "ONE HUNDRED SEVENTY-

4

EIGHTH", "ONE HUNDRED SEVENTY-NINTH", "ONE HUNDRED EIGHTIETH", "ONE HUNDRED EIGHTY-SECOND", "ONE HUNDRED EIGHTY-THIRD", "ONE HUNDRED EIGHTY-SIXTH", "ONE HUNDRED EIGHTY-SEVENTH", "ONE HUNDRED EIGHTY-EIGHTH", "ONE HUNDRED NINETIETH", "ONE HUNDRED NINETY-FOURTH", "ONE HUNDRED NINETY-FIFTH", "ONE HUNDRED NINETY-EIGHTH", "TWO HUNDREDTH", "TWO HUNDRED SECOND", "TWO HUNDRED EIGHTH", "TWO HUNDRED ELEVENTH", "TWO HUNDRED EIGHTEENTH", "TWO HUNDRED TWENTY-FOURTH", "TWO HUNDRED TWENTY-FIFTH", "TWO HUNDRED TWENTY-SIXTH", "TWO HUNDRED TWENTY-SEVENTH", "TWO HUNDRED TWENTY-NINTH", "TWO HUNDRED THIRTY-SIXTH", "TWO HUNDRED THIRTY-SEVENTH", "TWO HUNDRED THIRTY-EIGHTH", "TWO HUNDRED FORTY-THIRD", "TWO HUNDRED FORTY-FOURTH", "TWO HUNDRED FORTY-SEVENTH", "TWO HUNDRED FORTY-EIGHTH", "TWO HUNDRED FORTY-NINTH", "TWO HUNDRED FIFTIETH", "TWO HUNDRED FIFTY-THIRD", "TWO HUNDRED FIFTY-SIXTH", "TWO HUNDRED FIFTY-SEVENTH", "TWO HUNDRED FIFTY-EIGHTH", "TWO HUNDRED SIXTIETH", "TWO HUNDRED SIXTY-THIRD", "TWO HUNDRED SIXTY-SEVENTH", "TWO HUNDRED SEVENTY-FIRST", "TWO HUNDRED SEVENTH-THIRD", "TWO HUNDRED SEVENTY-EIGHTH", "TWO HUNDRED EIGHTY-FIRST", "TWO HUNDRED EIGHTY-SECOND", "TWO HUNDRED EIGHTY-SIXTH", "TWO HUNDRED EIGHTY-SEVENTH", "TWO HUNDRED NINETIETH", "TWO HUNDRED NINETY-FIRST", "THREE HUNDREDTH", "THREE HUNDRED SECOND", "THREE HUNDRED FOURTH", "THREE HUNDRED FIFTH", "THREE HUNDRED SEVENTH", "THREE HUNDRED EIGHTH", "THREE HUNDRED NINTH", "THREE HUNDRED THIRTEENTH", "THREE HUNDREDTH

NINETEENTH", "THREE HUNDRED TWENTY-FIRST", "THREE HUNDRED TWENTY-THIRD", "THREE HUNDRED TWENTY-EIGHTH", "THREE HUNDRED THIRTIETH", "THREE HUNDRED FORTY-SECOND" and "THREE HUNDRED FORTY-THIRD" of the Amended Complaint.

15.    Deny the allegations contained in paragraphs numbered "SEVENTY-NINTH", "EIGHTY-THIRD", "ONE HUNDRED NINTH", "ONE HUNDRED THIRTEENTH", "ONE HUNDRED TWENTY-THIRD", "ONE HUNDRED THIRTY-FIRST", "ONE HUNDRED THIRTY-SECOND", "ONE HUNDRED THIRTY-THIRD", "ONE HUNDRED FORTIETH", "ONE HUNDRED FORTY-SECOND", "ONE HUNDRED FIFTY-SIXTH", "ONE HUNDRED SIXTY-SECOND", "ONE HUNDRED SIXTY-FIFTH", "ONE HUNDRED SIXTY-EIGHTH", "TWO HUNDRED NINTH", "TWO HUNDRED TENTH", "TWO HUNDRED TWENTY-EIGHTH", "TWO HUNDRED THIRTIETH", "TWO HUNDRED THIRTY-FIRST", "TWO HUNDRED THIRTY-SECOND", "TWO HUNDRED THIRTY-THIRD", "TWO HUNDRED THIRTY-NINTH" "TWO HUNDRED FORTY-FIFTH", "TWO HUNDRED SEVENTY-FIFTH", "TWO HUNDRED SEVENTY-NINTH", "TWO HUNDRED EIGHTY-THIRD", "TWO HUNDRED EIGHTY-FIFTH", "TWO HUNDRED EIGHTY-EIGHTH", "TWO HUNDRED NINETY-FIFTH", "TWO HUNDRED NINETY-EIGHTH", "THREE HUNDRED SEVENTEENTH", "THREE HUNDRED TWENTY-FOURTH", "THREE HUNDRED TWENTY-SEVENTH", "THREE HUNDRED TWENTY-NINTH", "THREE HUNDRED THIRTY-FIRST", "THREE HUNDRED THIRTY-THIRD", "THREE HUNDRED THIRTY-NINTH", "THREE HUNDRED FORTY-FIFTH" and "THREE HUNDRED FORTY-SIXTH" of the Amended Complaint and refer all questions of law to this Honorable Court.

16.     Deny the allegations contained in paragraph numbered "SIXTY-SEVENTH" of the Amended Complaint, except admit that the elementary school was constructed in 1965 with an addition completed in the 1990's.

17.     Deny the allegations contained in paragraph numbered "SEVENTY-SIXTH" of the Amended Complaint, except admit that the District had advance notice of the evaluation.

18.     Deny the allegations contained in paragraph numbered "SEVENTY-EIGHTH" of the Amended Complaint, except admit that the results were given to the Teacher's Association and Plaintiff could obtain the records pursuant to a FOIL request.

19.     Deny the allegations contained in paragraph numbered "EIGHTIETH" of the Amended Complaint, except admit that the District painted her office, removed carpet and replaced ceiling tiles.

20.     Deny the allegations contained in paragraph numbered "EIGHTY-FIRST" of the Amended Complaint, except admit that the District installed a HEPA air filter for plaintiff's office.

21.     Deny the allegations contained in paragraph numbered "NINETY-SECOND" of the Amended Complaint, except admit that in or about March 2009 plaintiff met with Salomone.

22.     Deny the allegations contained in paragraph numbered "NINETY-FIFTH" of the Amended Complaint, except admit that on March 6, 2009 plaintiff met with Salomone.

23.     Deny the allegations contained in paragraph numbered "NINETY-SEVENTH" of the Amended Complaint, except admit that plaintiff sent Salomone two letters requesting a meeting to discuss accommodations.

24.     Deny the allegations contained in paragraph numbered "NINETY-EIGHTH" of the Amended Complaint, except admit that in a March 18, 2009 letter, Plaintiff requested to

switch Plaintiff's lunch duty time slot with another employee's third and fourth grade duty time slot, which was a recess duty and would thus allow Plaintiff to be outside in the fresh air; this request was granted.

25.     Deny the allegations contained in paragraph numbered "ONE HUNDREDTH" of the Amended Complaint, except admit that Plaintiff requested to wear a respirator to work.

26.     Deny the allegations contained in paragraph numbered "ONE HUNDRED THIRD" of the Amended Complaint, except admit that Strauss, a certified school counselor, began working for the District in or about March 2009.

27.     Deny the allegations contained in paragraph numbered "ONE HUNDRED EIGHTH" of the Amended Complaint, except admit that Plaintiff received a letter from the District stating that she had to have an evaluation with its physician, Dr. Goldman, pursuant to Education Law Section 913.

28.     Deny the allegations contained in paragraph numbered "ONE HUNDRED SEVENTEENTH" of the Amended Complaint, except admit that Cocchiarella's letter to the District suggested plaintiff be allowed to obtain fresh air if she experienced difficulty in her work environment.

29.     Deny the allegations contained in paragraph numbered "ONE HUNDRED TWENTIETH" of the Amended Complaint, except admit that the District required all employees to sign out when leaving school grounds.

30.     Deny the allegations contained in paragraph numbered "ONE HUNDRED TWENTY-FOURTH" of the Amended Complaint, except admit that Plaintiff was evaluated by Dr. Goldman.

31.     Deny the allegations contained in paragraph numbered "ONE HUNDRED TWENTY-SIXTH" of the Amended Complaint, except admit that Dr. Goldman stated the possibility of "Sick Building Syndrome" should be entertained.

32.     Deny the allegations contained in paragraph numbered "ONE HUNDRED TWENTY-EIGHTH" of the Amended Complaint, except admit that Goldman only sent the District and Salomone the report of his medical evaluation.

33.     Deny the allegations contained in paragraph numbered "ONE HUNDRED THIRTY-FOURTH" of the Amended Complaint, except admit that Plaintiff, her doctor, the chief custodian, Salomone, her union representative and representatives of the two agencies which performed air quality testing took a tour of the building.

34.     Deny the allegations contained in paragraph numbered "ONE HUNDRED THIRTY-SIXTH" of the Amended Complaint, except admit that Plaintiff was concerned with the carpets.

35.     Deny the allegations contained in paragraph numbered "ONE HUNDRED FORTY-THIRD" of the Amended Complaint, except admit that on July 15, 2009 Plaintiff met with Salomone, Tricia Allen, Dana Bigora and with Cocchiarella and Drazdov on the telephone.

36.     Deny the allegations contained in paragraph numbered "ONE HUNDRED FORTY-FOURTH" of the Amended Complaint, except admit that the issue of additional testing was discussed.

37.     Deny the allegations contained in paragraph numbered "ONE HUNDRED FORTY-FIFTH" of the Amended Complaint, except admit that Plaintiff wanted Drazdov to do infrared scanning of the roof for leaks and wantsed it done immediately.

38.     Deny the allegations contained in paragraph numbered "ONE HUNDRED FORTY-SIXTH" of the Amended Complaint, except admit that all participants in the meeting, other than Plaintiff, wanted testing done at the start of school.

39.     Deny the allegations contained in paragraph numbered "ONE HUNDRED FORTY-SEVENTH" of the Amended Complaint, except admit that Enviroscience consultants performed environmental testing on the school building in 2009.

40.     Deny the allegations contained in paragraph numbered "ONE HUNDRED FORTY-NINTH" of the Amended Complaint, except admit that the District was aware of when testing would take place.

41.     Deny the allegations contained in paragraph numbered "ONE HUNDRED FIFTIETH" of the Amended Complaint, except admit that the testing determined "elevated microbial levels, the presence of microbial growth and a microbial odor, coupled with elevated relative humidity."  The study also stated that the testing should not be used to determine "safe" or "unsafe" levels of exposure.

42.     Deny the allegations contained in paragraph numbered "ONE HUNDRED FIFTY-FIRST" of the Amended Complaint, except admit that the New York State United Teachers (NYSUT), on behalf of Plaintiff, requested that the District conduct additional indoor air quality testing.

43.     Deny the allegations contained in paragraph numbered "ONE HUNDRED FIFTY-THIRD" of the Amended Complaint, except admit that at the September 14, 2009 Board Meeting, the Board did not approve additional testing of the building.

44.     Deny the allegations contained in paragraph numbered "ONE HUNDRED FIFTY-FOURTH" of the Amended Complaint, except admit that Plaintiff received her Annual Professional Performance Review (APPR) for the 2008-2009 school year.

45.     Deny the allegations contained in paragraph numbered "ONE HUNDRED FIFTY-NINTH" of the Amended Complaint, except admit that Plaintiff forwarded a letter signed by Cocchiarella which recommended Plaintiff use a respirator as she requested.

46.     Deny the allegations contained in paragraph numbered "ONE HUNDRED SIXTIETH" of the Amended Complaint, except admit that Plaintiff forwarded a letter signed by Cocchiarella recommending a room with a window for Plaintiff.

47.     Deny the allegations contained in paragraph numbered "ONE HUNDRED SIXTY-THIRD" of the Amended Complaint, except admit that Plaintiff made written complaints about asbestos and mold in the school building.

48.     Deny the allegations contained in paragraph numbered "ONE HUNDRED SIXTY-SIXTH" of the Amended Complaint, except admit that Plaintiff complained about excessive heat in her office.

49.     Deny the allegations contained in paragraph numbered "ONE HUNDRED SIXTY-NINTH" of the Amended Complaint, except admit that on November 16, 2009 an industrial hygiene inspection was conducted on the school building.

50.     Deny the allegations contained in paragraph numbered "ONE HUNDRED SEVENTY-FOURTH" of the Amended Complaint, except admit that Plaintiff's office was moved as an accommodation.

51.     Deny the allegations contained in paragraph numbered "ONE HUNDRED SEVENTY-SEVENTH" of the Amended Complaint, except admit that on or about January 3,

2010, Plaintiff sent a letter to Salomone raising concerns about moving to the speech office, which included the fact that the office had no window and shared the same HVAC system as her previous office.

52.     Deny the allegations contained in paragraph numbered "ONE HUNDRED EIGHTY-FIRST" of the Amended Complaint, except admit that Salomone received an e-mail from Plaintiff about an allergic reaction in the office.

53.     Deny the allegations contained in paragraph numbered "ONE HUNDRED NINETY-FIRST" of the Amended Complaint, except admit that the District had knowledge of the date on which the testing would be complete.

54.     Deny the allegations contained in paragraph numbered "ONE HUNDRED NINETY-SECOND" of the Amended Complaint, except admit that Neuschwender reported his results to the staff informing he found a slight increase of carbon dioxide levels in one room in the District, however such levels were not harmful.

55.     Deny the allegations contained in paragraph numbered "ONE HUNDRED NINETY-THIRD" of the Amended Complaint, except admit that Neuschwender produced a report based on his observations.

56.     Deny the allegations contained in paragraph numbered "ONE HUNDRED NINETY-SEVENTH" of the Amended Complaint, except admit that Plaintiff sent an e-mail to Salomone complaining about her office being too warm, and an e-mail about an odor in her office.  The District investigated and resolved both complaints.

57.     Deny the allegations contained in paragraph numbered "TWO HUNDRED FIRST" of the Amended Complaint, except admit that Plaintiff filed a Charge of Discrimination with the EEOC.

58.     Deny the allegations contained in paragraph numbered "TWO HUNDRED THIRD" of the Amended Complaint, except admit that Plaintiff met with Salomone, Jan Achilich, Dana Bigora, and Tricia allen regarding an e-mail Plaintiff sent to Salomone pertaining to a severe coughing episode Plaintiff allegedly experienced on March 12, 2010.

59.     Deny the allegations contained in paragraph numbered "TWO HUNDRED FIFTH" of the Amended Complaint, except admit that Plaintiff expressed concerns over student confidentiality.

60.     Deny the allegations contained in paragraph numbered "TWO HUNDRED SEVENTH" of the Amended Complaint, except admit that Plaintiff again requested an office with a window in a letter to Salomone on April 4, 2010.

61.     Deny the allegations contained in paragraph numbered "TWO HUNDRED TWELFTH" of the Amended Complaint, except admit that due to enrollment and budgeting considerations the District was excessing teachers and not filling the position of retiring teachers.

62.     Deny the allegations contained in paragraph numbered "TWO HUNDRED TWENTY-SECOND" of the Amended Complaint, except admit that the District reduced the position of School Psychologist from full time (1.0) to half time (.5).

63.     Deny the allegations contained in paragraph numbered "TWO HUNDRED TWENTY-THIRD" of the Amended Complaint, except admit that Salomone stated, "I regret to inform you that due to fiscal constraints, we are in the position of having to excess a (.5) position in your tenure area."

64.     Deny the allegations contained in paragraph numbered "TWO HUNDRED FORTIETH" of the Amended Complaint, except admit that the union filed a grievance on behalf of the Plaintiff.

65.     Deny the allegations contained in paragraph numbered "TWO HUNDRED FORTY-FIRST" of the Amended Complaint, except admit that the union sent an Industrial Hygienist into the Elementary School.

66.     Deny the allegations contained in paragraph numbered "TWO HUNDRED FORTY-SIXTH" of the Amended Complaint, except admit that the District retained Dr. Suozzi to provide counseling services to the District's autistic students.

67.     Deny the allegations contained in paragraph numbered "TWO HUNDRED FIFTY-FIRST" of the Amended Complaint, except admit that Plaintiff submitted a grievance to the District.

68.     Deny the allegations contained in paragraph numbered "TWO HUNDRED FIFTY-SECOND" of the Amended Complaint, except admit that Plaintiff received a disciplinary memo from Salomone for failing to properly supervise students during lunch as she was talking on her cell phone during her assigned duty.

69.     Deny the allegations contained in paragraph numbered "TWO HUNDRED FIFTY-FOURTH" of the Amended Complaint, except admit that Plaintiff filed a second petition and again requested a Stay Order with the Commissioner of Education.

70.     Deny the allegations contained in paragraph numbered "TWO HUNDRED FIFTY-FIFTH" of the Amended Complaint, except admit that on or about July 26, 2010, the Board of Education voted to install vents in the door of the school psychologist office.

71.     Deny the allegations contained in paragraph numbered "TWO HUNDRED SIXTY-FIRST" of the Amended Complaint, except admit that Salomone sent Plaintiff letters stating in sum and substance that she believed Plaintiff could complete the job responsibilities specified in her schedule.

72.     Deny the allegations contained in paragraph numbered "TWO HUNDRED SIXTY-SECOND" of the Amended Complaint, except admit that Plaintiff met with Salomone and Achilich to review her schedule.

73.     Deny the allegations contained in paragraph numbered "TWO HUNDRED SIXTY-FOURTH" of the Amended Complaint, except admit that Plaintiff was advised at the meeting that, per parents' requests, two (2) students were no longer to receive counseling from the Plaintiff.

74.     Deny the allegations contained in paragraph numbered "TWO HUNDRED SIXTY-SIXTH" of the Amended Complaint, except admit that because Plaintiff complained of not being able to complete her work, the District removed her outside recess duty and instead gave her free time.

75.     Deny the allegations contained in paragraph numbered "TWO HUNDRED SIXTY-EIGHTH" of the Amended Complaint, except admit that Plaintiff submitted a letter on September 22, 2010 with a barely legible prescription form from Szema attached which stated patient has asthma and vocal chord dysfunction.

76.     Deny the allegations contained in paragraph numbered "TWO HUNDRED SIXTY-NINTH" of the Amended Complaint, except admit that Cocchiarella's letter recommended outdoor recess and continued use of a HEPA filter.

77.     Deny the allegations contained in paragraph numbered "TWO HUNDRED SEVENTY-SECOND" of the Amended Complaint, except admit that Plaintiff met with Salomone and Achilich about her schedule on or about September 28, 2010.

78.     Deny the allegations contained in paragraph numbered "TWO HUNDRED SEVENTY-SIXTH" of the Amended Complaint, except admit that when the meeting reconvened, a union representative was present.

79.     Deny the allegations contained in paragraph numbered "TWO HUNDRED SEVENTY-SEVENTH" of the Amended Complaint, except admit that Plaintiff was informed she could not solicit business from non-mandated counseling students.

80.     Deny the allegations contained in paragraph numbered "TWO HUNDRED EIGHTIETH" of the Amended Complaint, except admit that the meeting was adjourned because the work day had ended and Plaintiff could not stay late because of a previous commitment.

81.     Deny the allegations contained in paragraph numbered "TWO HUNDRED NINETY-SECOND" of the Amended Complaint, except admit that Plaintiff informed Salomone in a letter that she would be submitting a grievance.

82.     Deny the allegations contained in paragraph numbered "TWO HUNDRED NINETY-THIRD" of the Amended Complaint, except admit that Plaintiff amended her EEOC charge.

83.     Deny the allegations contained in paragraph numbered "TWO HUNDRED NINETY-SIXTH" of the Amended Complaint, except admit that Plaintiff sent a letter to Salomone expressing her dissatisfaction at the installation of the vent in her office.

84.     Deny the allegations contained in paragraph numbered "TWO HUNDRED NINETY-SEVENTH" of the Amended Complaint, except admit that Salomone consulted Neuschwender about Plaintiff's complaint and who that there was no problem with the door vent and Plaintiff's complaint was unfounded.

85.     Deny the allegations contained in paragraph numbered "TWO HUNDRED NINETY-NINE" of the Amended Complaint, except admit that on or about March 23, 2011, Plaintiff met with Superintendent Masera.

86.     Deny the allegations contained in paragraph numbered "THREE HUNDRED FIRST" of the Amended Complaint, except admit that Plaintiff corresponded with Masera reminding him of their previous meeting.

87.     Deny the allegations contained in paragraph numbered "THREE HUNDRED THIRD" of the Amended Complaint, except admit that Plaintiff sent Masera a letter again making generic and non-specific claims of discrimination and harassment.

88.     Deny the allegations contained in paragraph numbered "THREE HUNDRED SIXTH" of the Amended Complaint, except admit that Masera discussed with Plaintiff the need for the Plaintiff to fulfill her job responsibilities and generate Behavioral Intervention Plans for those students she counseled who required such a plan.

89.     Deny the allegations contained in paragraph numbered "THREE HUNDRED ELEVENTH" of the Amended Complaint, except admit that Plaintiff requested that testing by her evaluators be unannounced.

90.     Deny the allegations contained in paragraph numbered "THREE HUNDRED TWELFTH" of the Amended Complaint, except admit that the District denied Plaintiff's request for additional testing as building had already been tested on at least three separate occasions.

91.     Deny the allegations contained in paragraph numbered "THREE HUNDRED SIXTEENTH" of the Amended Complaint, except admit that Plaintiff sent a letter concerning Dr. Suozzi appearing at CSE meetings.

92.     Deny the allegations contained in paragraph numbered "THREE HUNDRED EIGHTEENTH" of the Amended Complaint, except admit that Masera drafted a counseling memorandum advising Plaintiff to cease from leaving confidential e-mails which contained confidential student records on common printers in the computer lab.

93.     Deny the allegations contained in paragraph numbered "THREE HUNDRED TWENTIETH" of the Amended Complaint, except admit that on or about June 8, 2011 Plaintiff sent a letter to Masera and Achilich over her concerns about not being present at CSE meetings.

94.     Deny the allegations contained in paragraph numbered "THREE HUNDRED TWENTY-SECOND" of the Amended Complaint, except admit that Masera met with Plaintiff to discuss a complaint made by a custodian alleging that the Plaintiff harassed him for reporting to the head custodian that Plaintiff was taking pictures of pipes in the school building.

95.     Deny the allegations contained in paragraph numbered "THREE HUNDRED TWENTY-FIFTH" of the Amended Complaint, except admit that Plaintiff sent a letter to Masera and Achilich filing a complaint against a co-worker for allegedly refusing to sell her a yearbook.

96.     Deny the allegations contained in paragraph numbered "THREE HUNDRED THIRTY-SECOND" of the Amended Complaint, except admit that Plaintiff sent Masera a letter stating that it was her belief there was water damage in the building, and requested testing of the ceiling tiles at a lab which she chose and at her expense.

97.     Deny the allegations contained in paragraph numbered "THREE HUNDRED THIRTY-FIFTH" of the Amended Complaint, except admit that in response to Plaintiff's letter of August 24, 2011, Masera sent Plaintiff a letter informing that to accommodate her late request he would place her back in her original office which already had the carpet removed, a new air filter, hyperallergenic paint.

98.     Deny the allegations contained in paragraph numbered "THREE HUNDRED THIRTY-SIXTH" of the Amended Complaint, except admit that Masera advised Plaintiff that she would return to her original office.

99.     Deny the allegations contained in paragraph numbered "THREE HUNDRED FORTY-FOURTH" of the Amended Complaint, except admit that the District has only assigned Suozzi to students who were autistic.

## AS AND FOR PLAINTIFF'S CLAIMS OF DISABILITY
## DISCRIMINATION UNDER THE ADA AND THE NYEL

100.    In response to paragraph numbered "THREE HUNDRED FORTY-SECOND" of the Amended Complaint, defendants repeat, reiterate and reallege each and every response heretofore made with the same force and effect as if the same were set forth at length herein.

101.    Deny the allegations contained in paragraphs numbered "THREE HUNDRED FORTY-THIRD", "THREE HUNDRED FORTY-FOURTH", "THREE HUNDRED FORTY-FIFTH", "THREE HUNDRED FORTY-SIXTH" and "THREE HUNDRED FORTY-SEVENTH" of the Amended Complaint and refer all questions of law to this Honorable Court.

## AS AND FOR PLAINTIFF'S CLAIMS OF
## RETALIATION IN VIOLATION OF THE ADA AND THE NYEL

102.    In response to paragraph numbered "THREE HUNDRED FORTY-EIGHTH" of the Amended Complaint, defendants repeat, reiterate and reallege each and every response heretofore made with the same force and effect as if the same were set forth at length herein.

103.    Deny the allegations contained in paragraphs numbered "THREE HUNDRED FORTY-NINTH", "THREE HUNDRED FIFTIETH", "THREE HUNDRED FIFTY-FIRST" and "THREE HUNDRED FIFTY-SECOND" of the Amended Complaint and refer all questions of law to this Honorable Court.

### AS AND FOR PLAINTIFF'S CLAIM OF AN EQUAL PROTECTION VIOLATION UNDER 42 U.S.C. § 1983

104.    In response to paragraph numbered "THREE HUNDRED FIFTY-THIRD" of the Amended Complaint, defendants repeat, reiterate and reallege each and every response heretofore made with the same force and effect as if the same were set forth at length herein.

105.    Deny the allegations contained in paragraphs numbered "THREE HUNDRED FIFTY-FOURTH", "THREE HUNDRED FIFTY-FIFTH", "THREE HUNDRED FIFTY-SIXTH", "THREE HUNDRED FIFTY-SEVENTH", "THREE HUNDRED FIFTY-EIGHTH", "THREE HUNDRED FIFTY-NINTH", and "THREE HUNDRED SIXTIETH" of the Amended Complaint and refer all questions of law to this Honorable Court.

### FIRST AFFIRMATIVE DEFENSE

106.    The Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

107.    The Amended Complaint fails to set forth facts sufficient to constitute a deprivation of any constitutional right under federal law or civil rights claim.

### THIRD AFFIRMATIVE DEFENSE

108.    No policy, statement, regulation, or decision officially adopted and/or promulgated by defendants or otherwise ratified by defendants authorized a deprivation of plaintiff's constitutional rights.

### FOURTH AFFIRMATIVE DEFENSE

109.    No custom or practice adopted, followed, endorsed or ratified by the defendants authorized a deprivation of plaintiff's constitutional rights.

### FIFTH AFFIRMATIVE DEFENSE

110.    Municipal defendants are not liable for punitive damages.

## SIXTH AFFIRMATIVE DEFENSE

111.    Plaintiff has failed to comply with statutory conditions precedent to commencement of an action against municipal defendants as set forth in the New York General Municipal Law.

## SEVENTH AFFIRMATIVE DEFENSE

112.    The defendants' actions, if any, were justified by the facts and circumstances presented.

## EIGHTH AFFIRMATIVE DEFENSE

113.    The defendants at all times acted reasonably and in good faith in the discharge of their duties and responsibilities.

The defendants reasonably believed that they were exercising and acting within their statutory and constitutional powers.

Defendants are protected by qualified immunity.

## NINTH AFFIRMATIVE DEFENSE

114.    The individual defendants are not the plaintiff's employers and therefore not liable under Title VII.

## TENTH AFFIRMATIVE DEFENSE

115.    Plaintiff is not a disabled person as defined by the ADA and/or Rehabilitation Act and/or New York State Human Rights Law.

## ELEVENTH AFFIRMATIVE DEFENSE

116.    An accommodation would pose an undue hardship upon the defendants.

## TWELFTH AFFIRMATIVE DEFENSE

117.    Defendants' actions, if any, were justified by the facts and circumstances

21

presented. Defendants had a legitimate business purpose for their actions.

## THIRTEENTH AFFIRMATIVE DEFENSE

118.    Defendants provided accommodations.

## FOURTEENTH AFFIRMATIVE DEFENSE

119.    Plaintiff's claims, if any, are in whole or in part barred by the doctrines of collateral estoppel and/or res judicata.

## FIFTEENTH AFFIRMATIVE DEFENSE

120.    Defendants are entitled to governmental legislative privilege/immunity.

WHEREFORE, defendants demand judgment against the plaintiff, dismissing the Amended Complaint, together with costs, disbursements and such further relief as this Court shall deem just and proper.

Dated: Smithtown, New York
          November 16, 2011

                                        DEVITT SPELLMAN BARRETT, LLP
                                        Attorneys for Defendants
                                        REMSENBURG-SPEONK UNION FREE
                                        SCHOOL DISTRICT, KATHERINE
                                        SALOMONE, THOMAS KERR, LISA FOX,
                                        KEVIN FEDERICO, CECILIA SPELLMAN-
                                        FREY, JOEL PETERSEN, RONALD M.
                                        MASERA and JOHN KERN

                                        By: _____/S/_____
                                                Joshua S. Shteierman (JS 1954 )
                                        50 Route 111, Suite 314
                                        Smithtown, New York 11787
                                        (631) 724-8833

TO:
Scott M. Mishkin, Esq. (SMM 3687)
Scott Michael Mishkin, P.C.
Attorney for Plaintiff
One Suffolk Square, Suite 240
Islandia, New York 11749
(631) 234-1154