# Janice Razzano

3 Normandie Lane
East Moriches, New York 11940
Cell Telephone: 631-375-0968
jrazz11940@gmail.com

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   JUL 13 2017   ★

LONG ISLAND OFFICE

July 12, 2017

**SECOND REQUEST**
**MOTION TO RECONSIDER**
**REQUEST FOR A CONFERENCE**

Hand Delivered to United States District Court, Eastern District of New York (Central Islip)

Honorable Judge Leonard D. Wexler
U.S. District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

RECEIVED

JUL 1 4 2017

EDNY PRO SE OFFICE

Re: **Razzano v. Remsenburg-Speonk Union Free School District, et al.**
**11-CV-02920 LDW WDW**

Dear Honorable Judge Wexler,

    I am the plaintiff in the above referenced matter. This correspondence serves as a second request on a Motion to Reconsider and a Request for a Conference, since there has been no decision on the previous motion and request in the letter dated March 14, 2017 (Exhibit A). Furthermore, in the March 21, 2017 letter (Exhibit B) from opposing counsel, Devitt Spellman Barrett, there has been no response to their motion. Time is of the essence as the brief and appendix is due to the United States Court of Appeals, Second Circuit on or before July 25, 2017.

    Due to numerous issues, I was compelled to discharge the attorney(s) and the Law Firm of Scott Michael Mishkin as my legal representation. Upon the Court's request, I will elaborate on these concerns. As stated in Exhibit A, I was unaware of the pending court date. In no way had I granted permission to drop the case. In no way had I authorized counsel to discontinue the case. In no way did I fail to respond. I have every desire to prosecute.

    The instant case must go to trial. In Exhibit B, the letter from Ms. deJong of Devitt Spellman Barret, states that the "Defendant will argue that the plaintiff will be precluded from going forward in the case based upon the doctrines of res judicata and collateral estoppel." On

Razzano v. Remsenburg-Speonk Union Free School District, et al.  11-CV-02920 LDW WDW

May 22, 2015, in *Leon v. New York City Department of Education* (Exhibit C), the United States Court of Appeals, Second Circuit determined:

> "Under New York law, the doctrine of collateral estoppel bars re-litigation of an issue when: "(1) the identical issue necessarily was decided in the prior action and is decisive of the present action, and (2) the party to be precluded from relitigating the issue had a full and fair opportunity to litigate the issue in the prior action." *Evans v. Ottimo*, 469 F.3d 278, 281 (2d Cir. 2006) (citing *Kaufman v. Eli Lilly & Co.*, 482 N.E.2d 63 (N.Y. 1985)). The bar can apply even if the tribunals or causes of action differ. *Lafleur v. Whitman*, 300 F.3d 256, 271 (2d Cir. 2002). Section 3020-a findings are entitled to preclusive effect. *Burkybile v. Bd. of Educ.*, 411 F.3d 306, 308 (2d Cir. 2005).
>
> The District Court erroneously concluded that the Section 3020-a hearing's "determination that there was cause for [Leon's] termination precludes [Leon] from making a prima facie case of discrimination or retaliation," App. 115. There is no indication that the Section 3020-a hearing addressed, much less "actually decided," whether the charges leading to Leon's termination were driven, even in part, by discriminatory or retaliatory intent. The court's error thus stems from the faulty assumption that termination for cause *necessarily* precludes the possibility of termination motivated by unlawful animus. "[T]he hearing officer's determination that [the plaintiff] had engaged in the charged conduct, and that these violations called for h[er] termination, does not preclude a jury from later finding that [the plaintiff] was also terminated at least in part because of [discriminatory reasons]. The plaintiff could be successful on the [discrimination or retaliation] claims even if the jury were to accept that there were legitimate reasons for terminating h[er], too." *Matusick v. Erie Cnty. Water Auth.*, 757 F.3d 31, 47 (2d Cir. 2014)."

The above case is on point with the instant case. It is imperative that the case be reopened, the decision be reconsidered, my position be heard and the record be corrected. Furthermore, in the interest of my Constitution rights, including but not limited to, the First, Fifth and Fourteenth Amendments, it is vital to litigate.

Lastly, concerning my appeal to the United States Court of Appeals, Second Circuit, a Motion for a Stay of the proceedings has been mailed (Exhibit D).

Thank you for your attention to this important matter.

Respectfully submitted,

/s/ Janice Razzano
Janice Razzano
Pro Se Plaintiff

cc: Jeltje deJong of Devitt Spellman Barrett, LLP via Certified Mail/Return Receipt Requested