17-775-cv
Razzano v. Remsenburg-Speonk Union Free Sch. Dist., et al.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of September, two thousand eighteen.

PRESENT:  ROBERT D. SACK,
          REENA RAGGI,
          DENNY CHIN,
            *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

JANICE RAZZANO,
            *Plaintiff-Appellant*,

        v.                                                          17-775-cv

REMSENBURG-SPEONK UNION FREE
SCHOOL DISTRICT, KATHERINE
SALOMONE, THOMAS KERR, LISA FOX,
KEVIN FREDERICO, CECILIA SPELLMAN-
FREY, JOEL PETERSEN, in their official and
individual capacities pursuant to NYEL § 290
et seq.,
            *Defendants-Appellees*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

CERTIFIED COPY ISSUED ON 09/20/2018

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | JANICE RAZZANO, *pro se*, East Moriches, New York. |
| FOR DEFENDANT-APPELLEES: | JELTJE DEJONG, Devitt Spellman Barrett, LLP, Smithtown, New York. |

Appeal from the United States District Court for the Eastern District of New York (Wexler, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED** and the case is **REMANDED.**

Plaintiff-appellant Janice Razzano, *pro se*, appeals the district court's ruling entered March 16, 2017, in favor of defendant-appellee Remsenburg-Speonk Union Free School District (the "School District"), dismissing her complaint alleging discrimination and retaliation in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 1983, and the New York State Human Rights Law.  The judgment memorialized an oral ruling dismissing the case "pursuant to the decision rendered by the New York State Appellate Department, plaintiff's failure to respond to requests of her counsel, and plaintiff's failure to prosecute."  App'x 10.  The district court later clarified that the Appellate Division's decision precluded Razzano's complaint "under the doctrines of

2

res judicata and collateral estoppel."[1]  Docket Entry 11/13/2017.  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I. Failure to Prosecute

A district court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order."  Fed. R. Civ. P. 41(b).  This Court reviews Rule 41(b) dismissals for abuse of discretion.  *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014).  Although review for abuse of discretion "suggests great deference," this Court recognizes that "dismissal is a harsh remedy and is appropriate only in extreme situations."  *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).  In reviewing a Rule 41(b) dismissal, we consider five factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Baptiste*, 768 F.3d at 216 (quoting *Lucas*, 84 F.3d at 535).  "No single factor is generally dispositive," and we review the dismissal "in light of the record as a whole."  *Id.*

---

[1]  *See United States v. Spallone*, 399 F.3d 415, 421 (2d Cir. 2005) ("[W]here an order or judgment is unclear, a court retains inherent authority to interpret ambiguities.").

3

Although "[w]e do not expect district courts to make exhaustive factual findings," when the district court does not refer to any of the above factors, as is the case here, this Court will conduct its own analysis. *Id.* at 217. We cannot, however, confidently do so here because conferences pertinent to that analysis were not recorded or transcribed, precluding us from determining what statement Razzano's counsel made to secure the initial stay of discovery. Documents submitted to this Court have been equivocal. *Compare* Defs.' Mar. 21, 2017 Letter, Docket No. 31 (stating that plaintiff's counsel had represented that the federal case would be withdrawn if the state appeal was unsuccessful), *with* Letter Requesting Stay, Docket No. 22 (requesting stay, but not stating that case would be withdrawn), *and* Appellant's Br. at 23 (asserting that plaintiff never intended to abandon federal case). Accordingly, because the judgment by itself does not support the sanction of dismissal, we hereby vacate the judgment of dismissal and remand for reconsideration of the issue on a more fully developed record.[2]

---

[2] We recognize the challenges this presents for the district court, given Judge Wexler's passing and the need for reassignment to a new judge. Nevertheless, the district court is better situated than this Court to develop the record and assess the propriety of dismissal in the first instance.

## II. Preclusion

Insofar as the district court also invoked collateral estoppel and res judicata to support dismissal, we again confront record deficiencies.

Collateral estoppel, or issue preclusion, bars the re-litigation of an issue that was previously decided, regardless of whether the two suits are based on the same cause of action. *Postlewaite v. McGraw-Hill*, 333 F.3d 42, 48 (2d Cir. 2003). We apply New York collateral estoppel law. *Sullivan v. Gagnier*, 225 F.3d 161, 166 (2d Cir. 2000). The Section 3020-a proceeding resulting in Razzano's termination was "an administrative adjudication that must be given [issue] preclusive effect." *Burkybile v. Bd. of Educ. of Hastings-On-Hudson*, 411 F.3d 306, 311-12 (2d Cir. 2005). Issue preclusion, however, applies only if "(1) the identical issue necessarily was decided in the prior action and is decisive of the present action, and (2) the party to be precluded from relitigating the issue had a full and fair opportunity to litigate the issue in the prior action." *Evans v. Ottimo*, 469 F.3d 278, 281 (2d Cir. 2006) (citing *Kaufman v. Eli Lilly & Co.*, 65 N.Y.2d 449, 455-56 (1985)).

The School District, as the party asserting issue preclusion, "bears the burden of showing *with clarity and certainty* what was determined by the prior judgment," and we will give the Appellate Division decision issue preclusive effect "only if it is *quite clear* that this requirement has been met." *Postlewaite*, 333 F.3d at 49

5

(emphasis in original) (internal quotation marks omitted). When the School District informed the district court of the Appellate Division's November 9, 2016 decision (Razzano having failed to comply with a court order requiring her to do so), it did not specifically move for dismissal on grounds of collateral estoppel and provided no record from the state administrative or court proceeding. The only record provided was a copy of the Appellate Division decision.[3] In its brief to this Court, the School District concedes that "without the [§] 3020-a decision or transcript, we cannot determine the nature and/or scope of [Razzano's] arguments in her defense, and cannot conclude with certainty the extent of the identity of the issues which would require preclusion." Appellee's Br. at 13. In these circumstances, a collateral estoppel dismissal was premature.

As for res judicata, New York uses a "transactional approach" such that "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transaction are barred." *McKithen v. Brown*, 481 F.3d 89, 104 (2d Cir. 2007) (quoting *O'Brien v. City of Syracuse*, 54 N.Y.2d 353, 357 (1981)). This bar

---

[3] In rejecting Razzano's termination challenge, the Appellate Division held that the hearing officer "properly rejected [Razzano's] defense that the disciplinary proceedings were retaliatory in nature" and that the "evidence of specific incidents of inappropriate, unprofessional, or insubordinate conduct . . . demonstrate[d] a separate and independent basis for the action taken" such that "a defense under Civil Service Law § 75-b cannot be sustained." *Razzano v. Remsenburg-Speonk Union Free Sch. Dist.*, 41 N.Y.S.3d 72, 74 (2d Dep't 2016).

applies "without regard to whether [the subsequent claim] is based upon different legal theories or seeks different or additional relief." *Davidson v. Capuano*, 792 F.2d 275, 278 (2d Cir. 1986). Res judicata, however, "will not be applied if the initial forum did not have the power to award the full measure of relief sought in the later litigation." *Id.*

Here, Razzano's state court "claim" was her C.P.L.R. § 7511 petition challenging the § 3020-a hearing officer's decision. Razzano's defense to the disciplinary charges was that they were retaliatory in violation of Civil Service Law § 75-B(2)(a), *see Razzano*, 41 N.Y.S.3d at 74, but Razzano did not assert the claims she raised in her district court complaint (under the ADA, § 1983, and the New York State Human Rights Law) for which she sought monetary damages, equitable relief, and attorney's fees and costs. It appears, therefore, that neither the administrative hearing officer nor the Appellate Division had the power to rule on the discrimination claims, as Razzano had not raised them in the disciplinary proceeding or in her petition challenging the decision. *See Bottini v. Sadore Mgmt. Corp.*, 764 F.2d 116, 121 (2d Cir. 1985) (holding that a court reviewing a C.P.L.R. § 75 motion has a "narrow scope of review" such that a plaintiff's religious discrimination claim could not be fully reviewed on the merits). Accordingly, dismissal on res judicata grounds was unwarranted.

7

We have considered Razzano's remaining arguments and find them to be without merit. Accordingly, we **VACATE** the judgment of the district court and **REMAND** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit