UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------X    Docket No. 11-CV-2920-KAM-PK

JANICE RAZZANO,

              Plaintiff,

  -against-

                                       RULE 56.1 STATEMENT

REMSENBURG-SPEONK UNION FREE, SCHOOL DISTRICT, KATHERINE SALOMONE, THOMAS KERR, LISA FOX, KEVIN FREDERICO, CECILIA SPELLMAN-FREY, JOEL PETERSEN, RONALD M. MASERA and JOHN KERN (in their official and individual capacities,

              Defendants.

---------------------------------------------------X

      DEFENDANTS, by their undersigned counsel, pursuant to Local Rule 56.1, respectfully submit the following statement of uncontested material facts:

      1.     For school year 2010 – 2011, the Remsenberg-Speonk Union Free School District ("School") had a reduced student body from the year before, decreasing from 193 to 169 students. (Solomon 5/25/2010 Aff, **Exhibit "A,"** ¶¶. 5 and 13).

      2.     For school year 2010 – 2011, there was a decrease in state funding requiring a budget reduction. (Solomon 5/25/2010 Aff, **Exhibit "A,"** ¶¶. 5 and 13).

      3.     In 2010, the School eliminated one position and reduced two positions from full to half-time, with Plaintiff's position being reduced to half time. (Id., ¶11); (6/14/2010 BOE Minutes, **Exhibit "B"**).

      4.     In 2010, the School had three (3) students who participated in regular mandated counseling sessions and for whom Plaintiff had to prepare annual reports as part of their

1

Individualized Education Program ("IEP"), and the school had five other students who attended non-mandatory counseling. (Achilich 5/25/2010 Affidavit, **Exhibit "C,"** ¶ 7).

5. In or around 2009, Plaintiff complained of persistent coughing while at school, with an undetermined cause. (**Exhibits "E," "F," and "G"**).

6. Multiple environmental tests found no evidence of an environmental cause for Plaintiff's complaints. (**Exhibits "J," "K," "L," "M," "N", "O," "P," "Q," "R," "S," and "T"**).

7. In or around November 2010, Plaintiff was diagnosed with "mild obstructive ventilatory defect with improvement after bronchodilators." (11/5/2010 Schema Report, **Exhibit "U"**);

8. The School agreed to accommodation requests, including but not limited to moving offices, wearing a respirator, additional recess periods, new paint, and new ceiling tiles. (**Exhibits "A," "C," and "S"**);(Complaint, **Exhibit "D,"** ¶¶ 98 – 101); (2/5/2015 Post-Trial Decision, 37607/2010, **Exhibit "H,"** Page 10); Razzano v. Remsenburg-Speonk UFSD, 162 A.D.3d 1043, 1045 (2d Dept. 2018).

9. The School "made every effort to unhesitatingly and reasonably accommodate" Plaintiff "time and again… in good faith and without any remarkable reluctance." (2/5/2015 Post-Trial Decision, Index No. 37607/2010, **Exhibit "H,"** Page 10).

10. The School had "legitimate budgetary reasons" for reducing Plaintiff's position to half-time. (2/5/2015 Post-Trial Decision, Index No. 37607/2010, **Exhibit "H,"** Page 11).

11. The School made "consistent good-faith efforts to address her complaints and to provide reasonable accommodations for the petitioner's alleged health issues." Razzano v. Remsenburg-Speonk UFSD, 162 A.D.3d 1043, 1045 (2d Dept. 2018).

12. The New York State Commissioner of Education Found that Petitioner's claims that the reduction to half time was in "bad faith," to the extent within the Department of Education's jurisdiction, were not supported by "any evidence." (NYS Commissioner of Education, Decision No. Decision No. 17,076, annexed hereto as **Exhibit "X"**).

13. On or about May 9, 2012, Plaintiff was found not mentally fit. (3/9/2012 Solomon Report**, Exhibit "Y"**; 5/29/2012 Solomon Supplemental Report, **Exhibit "Z,"** P. 4).

14. An arbitration award, sustaining disciplinary charges against Plaintiff for, among other things, failing to supervise students as the assigned lunch monitor on June 22, 2010, leaving confidential student records exposed in public printers on at least seven occasions during 2011, criticizing another teacher to students, and failing to cooperate with the psychiatric fitness evaluation, was confirmed by the New York State Supreme Court. (1/31/2014 Decision in Razzano v. Remsenberg-Speonk UFSD, Index No. 16057/2013, **Exhibit "AA,"** Page 2); Razzano v Remsenburg-Speonk Union Free School Dist., No. 16057-2013, 2014 WL 12664729, at *1 (N.Y. Sup. Ct. Mar. 14, 2014).

15. The arbitration award finding that Plaintiff was not mentally fit was confirmed by the Supreme Court. (1/31/2014 Decision in Razzano v. Remsenberg-Speonk UFSD, Index No. 16057/2013, **Exhibit "AA,"** Page 2); Razzano v Remsenburg-Speonk Union Free School Dist., No. 16057-2013, 2014 WL 12664729, at *1 (N.Y. Sup. Ct. Mar. 14, 2014).

16. "The Board's determination to reclassify the petitioner's position [as half time] was based on valid budget concerns." Razzano v. Remsenburg-Speonk UFSD, 162 A.D.3d 1043, 1045-46 (2d Dept. 2018).

17. "The Board's determination to reclassify the petitioner's position" to half-time "was not made in bad faith or to retaliate for the petitioner's complaints." Id.

18. Plaintiff's "complaints about the school building were unfounded." Razzano v. Remsenburg-Speonk UFSD, 162 A.D.3d 1043, 1045-46 (2d Dept. 2018).

19. The School "made consistent good-faith efforts to address [Plaintiff's] complaints and to provide reasonable accommodations for the [Plaintiff's] alleged health issues." Razzano v. Remsenburg-Speonk UFSD, 162 A.D.3d 1043, 1045-46 (2d Dept. 2018).

20. The disciplinary proceedings that resulted in Plaintiff's termination were not "retaliatory in nature." Razzano v. Remsenburg-Speonk Union Free Sch. Dist., 144 A.D.3d 810, 811 (2d Dept. 2016).

21. Plaintiff's "inappropriate, unprofessional, or insubordinate conduct… demonstrate[d] a separate and independent basis for" her termination. Razzano v. Remsenburg-Speonk Union Free Sch. Dist., 144 A.D.3d 810, 811 (2d Dept. 2016).

Dated: September 26, 2019
Respectfully submitted,

DEVITT SPELLMAN BARRETT, LLP

*/s/ Scott J. Kreppein*
_____
By: Scott J. Kreppein
50 Route 111, Suite 314
Smithtown, NY 11787
(631) 724-8833
S.Kreppein@DevittSpellmanLaw.com