**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

---

JANICE RAZZANO,

                                                                     Plaintiff,

-against-

REMSENBURG-SPEONK UNION FREE, SCHOOL DISTRICT, KATHERINE SALOMONE, THOMAS KERR, LISA FOX, KEVIN FREDERICO, CECILIA SPELLMAN-FREY, JOEL PETERSEN, RONALD M. MASERA and JOHN KERN (in their official and individual capacities,

                                                                     Defendants.

---

**DEFENDANTS' REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF SUMMARY JUDGMENT**

---

Scott J. Kreppein, Esq.
DEVITT SPELLMAN BARRETT, LLP
50 Route 111, Ste 314
Smithtown, NY 11787
(631) 724-8833
S.Kreppein@DevittSpellmanLaw.com
Our File No. YS5787W9

**TABLE OF CONTENTS**

REPLY ........................................................................................................................................1

I.	THERE IS NO GENUINE DISPUTE OF MATERIAL FACT .......................................1

II.	THE ESSENTIAL ELEMENTS OF PLAINTIFF'S CLAIMS ARE
PRECLUDED THROUGH COLLATERAL ESTOPPEL AND RES JUDICATA ....................3

A.	The Prior State Court and Administrative Adjudications That Plaintiff's
Reduction to Half Time Was Not Retaliatory Or In Bad Faith Preclude Plaintiff
From Re-Litigating Those Claims and Issues............................................................................3

B.	The Prior Determinations Related To Plaintiff's Termination Preclude Her
From Relitigating The Issues Of Whether Her Termination and the Disciplinary
Charges Leading To It Were Retaliatory or Discriminatory, And Whether She Was
Otherwise Qualified For the Position ........................................................................................7

CONCLUSION..........................................................................................................................9

**TABLE OF AUTHORITIES**

**Cases**

Chevron Corp. v. Donziger, 974 F. Supp. 2d 362, 610 (S.D.N.Y. 2014), aff'd, 833 F.3d 74 (2d Cir. 2016) ................................................................................................................................ 9

Davidson v. Capuano, 792 F.2d 275, 279 (2d Cir. 1986) ............................................................ 5

Dechbery v. Cassano, 157 A.D.3d 499, 500 (1st Dept. 2018) ..................................................... 6

Engquist v. Oregon Dep't of Agr., 553 U.S. 591 (2008) ............................................................. 1

Herlihy v. City of New York, 654 F. App'x 40 (2d Cir. 2016) .................................................... 3

In Re Razzano v. Remsenberg-Speonk UFSD, 95 A.D.3d 1335 (2d Dept. 2012) ....................... 4

James M. v. City of New York, 69 A.D.3d 634, 635 (2d Dept. 2010) ......................................... 6

Macshane v. City of New York, No. 05-CV-06021, 2015 WL 1298423, at FN 4 (E.D.N.Y. Mar. 23, 2015) .................................................................................................................................. 3

Postlewaite v. McGraw-Hill, 333 F.3d 42, 45 (2d Cir. 2003) ..................................................... 9

Razzano v. Remsenburg-Speonk Union Free Sch. Dist., 144 A.D.3d 810, 811 (2d Dept. 2016) .. 7

Sullivan v. Gagnier, 225 F.3d 161, 166 (2d Cir. 2000) ............................................................... 9

**Statutes**

42 U.S.C. § 12102 ........................................................................................................................ 1

N.Y. Civil Service Law 75-b ....................................................................................................... 4

N.Y. Education Law §§ 310 and 3012 ........................................................................................ 4

Federal Rules of Evidence, Rule 803 .......................................................................................... 3

Federal Rules of Evidence, Rule 807 .......................................................................................... 3

**Other Authorities**

Petition in In Re Razzano v. Remsenburg-Speonk Union Free School District, 2013 WL 12186140 .................................................................................................................................. 8

DEFENDANTS, by their undersigned counsel, respectfully submit the following reply memorandum of law:

**REPLY**

In opposition to summary judgment, Plaintiff does not raise any substantive arguments, submit any competing evidence, or dispute any material fact. Rather, Plaintiff appears to argue, via objections in her Rule 56.1 counterstatement, that all of the evidence negating her claims are merely hearsay. Plaintiff's memorandum of law focuses entirely on the question of issue preclusion or res judicata, and does not address either the merits of her claims or dispute that a class of one Equal Protection Clause claim is not recognized in the public employment context under <u>Engquist v. Oregon Dep't of Agr.,</u> 553 U.S. 591, 128 S. Ct. 2146, 2148 (2008).

## I. THERE IS NO GENUINE DISPUTE OF MATERIAL FACT

There is no evidence that Plaintiff had, or was perceived as having, a respiratory ailment that would qualify as a disability under the Americans With Disabilities Act. Plaintiff complained of a cough, which is merely a symptom, not a disability. Plaintiff acknowledges that she "complained of persistent coughing while at school, with an undetermined cause." (Rule 56.1 Statement, ¶5)(See also Exhibits "E," "F," and "G"). Her first reported diagnosis of a physical condition appears to be her November 2010 assessment by her allergist of "asthma indicating mild obstructive ventilatory defect with improvement after bronchodilators." (Rule 56.1 Statement, ¶5)(Exhibit "U"). This description, on its face, is not a condition that "substantially limits one or more of the major life activities." 42 U.S.C. § 12102(2). Additionally, this diagnosis did not occur until five months after her position had been reduced to half-time.

There was no failure to accommodate and Plaintiff has not identified any accommodation request that was not agreed to. Indeed, Plaintiff does not dispute that the School "made every effort to unhesitatingly and reasonably accommodate" Plaintiff "time and again… in good faith and without any remarkable reluctance." (Rule 56.1 Statement, ¶9). The lack of an identifiable medical condition makes an "interactive process" regarding the "precise limitations resulting from the disability" difficult if not impossible. 29 C.F.R. § 1630.2(o)(2). Regardless, the School cooperated in ruling out environmental causes through an exorbitant amount of testing (Exhibits "J," "K," "L," "M," "N," "O," "P," "Q," "R," and "T"), and substantially agreed to every accommodation that was requested. (See Exhibit "D," ¶¶ 98 – 101, and Exhibit "I").

There was no causally connected adverse employment action. As set forth in Plaintiff's moving papers, including affidavits from the School District's superintendent and Plaintiff's direct supervisor (Exhibits "A" and "C"), as well as the board minutes discussing the reduction of Plaintiff's position (and others) (Exhibit "B"), Plaintiff's position was reduced to half-time due to budgetary constraints. This is a small elementary school that did not require a full-time psychologist. Plaintiff has not raised any factual dispute in opposition to this motion, nor made any factual allegations of a hostile work environment, nor made any claim in this action that her termination was retaliatory or discriminatory (and, regardless, her termination had ample basis; see Exhibits "Y" and "Z").

Plaintiff's appears to argue that all of the available evidence is hearsay, but does so in a purely conclusory fashion. Plaintiff's superintendent and direct supervisor's affidavits are based upon their own first-hand knowledge and observations. The majority of the evidence is *res gestae*, being offered to show the employer's state of mind and the information available to it. Additionally, the contents of Plaintiff's medical records are within the exception for statements

made for medical diagnosis and treatment (F.R.E. 803(4)); the board minutes and environmental reports are business record (F.R.E. 803(6)); and the Department of Labor's reports and investigative findings are public records. (F.R.E. 803(8)). To the extent further foundation would potentially be necessary at trial, the residual exception under F.R.E. 807 would apply, and the Court is certainly permitted to consider this evidence in the context of a summary judgment motion.

Under Rule 56(c), a party opposing summary judgment based upon the admissibility of evidence cannot simply raise a technical objection to admissibility, but must show that the evidence "cannot be presented in a form that would be admissible" at trial. This Court rejected a substantially similar hearsay objections in Macshane v. City of New York, No. 05-CV-06021, 2015 WL 1298423, at FN 4 (E.D.N.Y. Mar. 23, 2015), aff'd sub nom. Herlihy v. City of New York, 654 F. App'x 40 (2d Cir. 2016).

## II. THE ESSENTIAL ELEMENTS OF PLAINTIFF'S CLAIMS ARE PRECLUDED THROUGH COLLATERAL ESTOPPEL AND RES JUDICATA

The Second Circuit remanded this matter, after a *sua sponte* dismissal following Plaintiff exhausting her appellate remedies related to her termination, for proceedings based upon a more developed record. This motion contains a more developed record, and raises additional independent basis for summary judgment.

### A. The Prior State Court and Administrative Adjudications That Plaintiff's Reduction to Half Time Was Not Retaliatory Or In Bad Faith Preclude Plaintiff From Re-Litigating Those Claims and Issues

In Opposition, Plaintiff does not dispute that her administrative petition and Article 78 Proceeding related to the reclassification of her position as half-time arose from the same transaction and raised the exact same arguments as are being raised in this proceeding. Civil

3

Service Law 75-B is extremely broad, as is the concept of "bad faith" in administrative review under Education Law §§ 310 and 3012. As reflected in Exhibits "H," "V," and "X," Plaintiff attempted to raise every legal theory she could think of in arguing that the reduction of her position to half time was an "improper governmental action" under Civil Service Law 75-B or otherwise in bad faith, including her claims under the A.D.A. and New York State Human Rights Law.

After resolving jurisdictional issues, Plaintiff's Civil Service Law 75-B claim and claim of general "bad faith" was addressed by the state court, while review in the context of Education Law § 3012 (i.e. whether the reclassification violated Plaintiff's tenure rights) was addressed to the Commissioner of Education in the first instance. In Re Razzano v. Remsenberg-Speonk UFSD, 95 A.D.3d 1335 (2d Dept. 2012). To the extent further documentation confirming that the Article 78 proceeding arose out of the same transaction and/or confirming the identify of the issues is necessary, Plaintiff's Article 78 Petition has been annexed hereto as **Exhibit "A"**.[1] As indicated therein, and in the prior decisions, Plaintiff made the same factual allegations that are contained in this complaint (Exhibit "D") and in her administrative petition (Exhibit "V"), and her legal argument consisted of the broadest possible reference to Civil Service Law 75-b, other unidentified "statutes," and "bad faith." In her Article 78 Proceeding, just as in this case and her administrative applications, Plaintiff sought equitable relief (reinstatement to full time) with damages for back pay and lost benefits. (Exhibit "H," Page 1).

In paragraph 1 of Plaintiff's petition to the Commissioner of Education, Exhibit "V," Plaintiff incorporates the E.E.O.C. complaint that preceded this action. The claims are based upon

---

[1] Although submitted in reply, it is respectfully submitted that the Court has discretion to consider this document if necessary. It is a public record, filed by Plaintiff, where Plaintiff cannot claim prejudice, which does not raise any new facts or arguments merely provides additional context for the post-trial decision included with Defendant's moving papers as **Exhibit "H"** and the decision affirming it, Razzano v. Remsenburg-Speonk UFSD, 162 A.D.3d 1043 (2d Dept. 2018).

the same factual narrative, and the same general and conclusory allegations of disability, requests for accommodations, retaliation, and discrimination. Plaintiff was seeking reinstatement, back pay, and other damages for "injury to [her] personal and civil rights." In the detailed decision annexed as Exhibit "X," although her Petition was "not clear," the Commission interpreted her allegations of reducing her position in bad faith to circumvent her tenure rights as including arguments of unlawful conduct under a variety of laws, including the Americans with Disabilities Act. (Exhibit "X," Page 2). After explaining that the Commissioner does not have jurisdiction under the various state and federal statutes being raised, the Commissioner explained that Plaintiff's arguments were within its jurisdiction "to the extent petitioner is claiming that the reduction of her position was made in bad faith, based upon alleged retaliation for her prior safety and health complaints." (Id., Page 3). The Commissioner found that Plaintiff "failed to meet her burden of proving that respondent reduced her position in bad faith," and offered nothing more than "conclusory allegations" that Defendants "retaliated and discriminated against her."

As discussed in Plaintiffs' moving papers, under the circumstances and procedural history of this case, these determinations should be considered *res judicata*. These determinations clearly arise out of the same transaction, and are entitled to be given "full faith and credit" by this Court. (U.S. Const., Art. IV, Sec. 1). As discussed in Davidson v. Capuano, 792 F.2d 275, 279 (2d Cir. 1986), because an Article 78 Proceeding is limited in scope, full claim preclusion only applies where a subsequent action seeks relief "incidental to the primary relief sought" in the earlier Article 78 Proceeding. Here, given the nature of Plaintiff's claims, if there were any merit to her claims she would have been able to argue that the full range of remedies available under the ADA and NYS Human Rights Law were allowable as "incidental" damages "otherwise [be] recover[able] on the same set of facts in a separate action." See Dechbery v. Cassano, 157 A.D.3d

499, 500 (1st Dept. 2018); See also James M. v. City of New York, 69 A.D.3d 634, 635 (2d Dept. 2010) (Court may not entertain subsequent action for reinstatement of employee based upon claims that "had been litigated in a prior CPLR Article 78 proceeding").

Plaintiff explicitly incorporated her claims in this action into the bad faith argument in her administrative petition, and those same claims were part of the alleged "improper governmental action… in violation of any federal, state or local law" that formed the basis of her Civil Service Law § 75-b claim.

Regardless of whether full claim preclusion applies, there can be no dispute that plaintiff is precluded through collateral estoppel from re-litigating the issues that were actually decided in the prior proceedings, and these issues are dispositive of Plaintiff's claim. The state court found, by "clear and convincing evidence" that "the board acted in good faith" and the reduction of Plaintiff's position was not "arbitrary, capricious, or in violation of law." (Exhibit "H," Page 11). The state court specifically found that "the administration made every effort to unhesitatingly and reasonably accommodate [Plaintiff] and her illness," and Plaintiff "totally failed to provide nay nexus between her complaints and the Boards reclassification," "beyond what appears to be her naked speculation." (Id., P. 10 - 11).

In light of the prior determinations, Plaintiff is precluded from arguing that the reclassification of her position was retaliatory, that the budgetary reasons for the reclassification were pretextual, or that the school failed to accommodate her requests. Plaintiff is precluded from seeking reinstatement, or back pay.

**B.    The Prior Determinations Related To Plaintiff's Termination Preclude Her From Relitigating The Issues Of Whether Her Termination and the Disciplinary Charges Leading To It Were Retaliatory or Discriminatory, And Whether She Was Otherwise Qualified For the Position**

As the Second Circuit found, Plaintiff is precluded through collateral estoppel from re-litigating the issues that were actually determined in connection with the 3020-a proceeding that led to her termination, and the subsequent Article 75 review and appeal that affirmed and/or declined to disturb those findings.  In this motion, providing context to identify the specific issues that the Appellate Division was referring to in finding that "the arbitrator properly rejected the petitioner's defense that the disciplinary proceedings were retaliatory in nature" and Plaintiff's "inappropriate, unprofessional, or insubordinate conduct… demonstrate[d] a separate and independent basis for" her termination, we have provided the detailed unpublished memorandum decision from the New York State Supreme Court (Exhibit "AA"), as well as the mental fitness reports from Dr. Solomon that are referenced therein (Exhibits "Y" and "Z"). See Razzano v. Remsenburg-Speonk Union Free Sch. Dist., 144 A.D.3d 810, 811 (2d Dept. 2016).

Whether the disciplinary charges against Plaintiff that are referenced in the complaint were pretextual was necessarily decided by the determination sustaining those charges. As explained in Justice Martin's memorandum decision (Exhibit "AA"), Plaintiff's termination was based upon adverse findings with respect to thirty-one specifications within four categories of disciplinary charges (many of which overlap), which the state court succinctly summarized.  As set forth at Page 2 of the memorandum (Exhibit "AA"), the disciplinary charges for failure to supervise students at lunch that is referred to at Paragraph 252 of Plaintiff's complaint (Exhibit "D"), and the disciplinary charge for repeated instances of leaving confidential student records in public view discussed at Paragraph 318 of Plaintiff's complaint, were both sustained.

Whether Plaintiff was otherwise qualified for the position with or without accommodations was necessarily decided in sustaining the charge of incapacity, with specific findings that Plaintiff was "not mentally fit" and unable to "function appropriately and safely in the workplace." (Exhibit "AA," Page 3; See also Exhibits "Y" and "Z").  The incidents referred to at Paragraphs 323, 234, and 328 of Plaintiff's complaint, taking photographs and confronting custodial staff regarding alleged maintenance issues, are part of the pattern of pattern of "aberrant behavior" that contributed to the finding of being mentally unfit (See Exhibit "AA," Page 4), and were explicitly discussed as an indicator of inappropriate paranoia by the examining physician (Exhibit "Y," Page 1).  As discussed in Dr. Solomon's supplemental report, Exhibit "Z," upon obtaining and reviewing session notes from 107 therapy sessions between August 2005 and January 2012, Dr. Solomon expressed "profound concerns" of a "grievous boundary violation" reflected in session note 25 wherein Plaintiff was "frightening students and parents" and "using students as intermediaries to convince parents that there is a 'toxic school environment,'" "choos[ing] to place her need for validation and support above the well-being of her students." (Exhibit "Z," Page 4).

To the extent further confirmation as to the identity of the issues is necessary, Plaintiff's petition is a matter of public record and available via Westlaw, and a copy is annexed hereto as **Exhibit "B."**[2] See In Re Razzano v. Remsenburg-Speonk Union Free School District, 2013 WL 12186140.  As discussed therein, the complaint in this action, Exhibit "D" to Defendants' moving papers, was an exhibit in Plaintiff's disciplinary hearing that she attempted to use in connection with her retaliation defense.  Section 75-b of the Civil Service Law is extremely broad, and Plaintiff cast a wide net with her arguments, but she was alleging the same "protected activity," and

---

[2] See Footnote 1.  Although offered on reply, it is respectfully submitted that the Court has discretion to consider this document if necessary.

explicitly incorporated her arguments that she was "being discriminated against due to [her] disability." (Id., ¶ 123).

Contrary to Plaintiff's arguments, she cannot re-litigate the same issues that have already been determined in prior proceedings. The State of New York is not a foreign country with a questionable justice system. *C.f.* Chevron Corp. v. Donziger, 974 F. Supp. 2d 362, 610 (S.D.N.Y. 2014), aff'd, 833 F.3d 74 (2d Cir. 2016). The prior proceedings involved specific factual findings, not orders with "no explanation" where multiple inferences could be drawn. *C.f.* Postlewaite v. McGraw-Hill, 333 F.3d 42, 45 (2d Cir. 2003). And, Plaintiff's claims in this action are incompatible with the prior adverse determinations. *C.f.* Sullivan v. Gagnier, 225 F.3d 161, 166 (2d Cir. 2000)("convictions for harassment and resisting arrest [are] not incompatible with his claim for excessive force").

## **CONCLUSION**

WHEREFORE, it is respectfully requested that an Order be issued granting judgment as a matter of law pursuant to Federal Rule of Civil Procedure 56, dismissing Plaintiff's complaint, in whole or in part; together with such other and further relief in Defendant's favor as is deemed just, equitable, and proper.

Dated: November 7, 2019            Respectfully submitted,

DEVITT SPELLMAN BARRETT, LLP

*/s/ Scott J. Kreppein*
_____
By: Scott J. Kreppein
50 Route 111, Suite 314
Smithtown, NY 11787
(631) 724-8833
S.Kreppein@DevittSpellmanLaw.com

9