UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANICE RAZZANO,<br><br>Plaintiff,<br><br>v.<br><br>REMSENBURG-SPEONK UNION FREE SCHOOL DISTRICT, KATHERINE SALOMONE, THOMAS KERR, LISA FOX, KEVIN FEDERICO, CECELIA SPELLMAN- FREY, JOEL PETERSON, RONALD M. MASERA and JOHN KERN in their official and individual capacities pursuant to NYEL §§ 290 et seq.,<br><br>Defendants. | ECF/CM Case<br><br>Case No. 11-CV-02920-KAM-PK<br><br>MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

## TABLE OF CONTENTS

Table of Authorities ................................................................................................2

Memorandum of Law..............................................................................................4

*I. The Complaint and the Basis of the Defendants'
   Motion for Summary Judgment*................................................................4

*II. The Law* ......................................................................................................5

   *A.   Summary Judgment* ...........................................................................5

   *B.   The Burden Shifting Analysis for Summary Judgment in
   Employment Discrimination Cases*...................................................6

   *C.   Issue Preclusion* ...............................................................................7

*II. Argument* ...................................................................................................9

*III. Conclusion* ...............................................................................................12

# TABLE OF AUTHORITIES

*Cases*

*Amerisource Corp. v. RxUSA Int'l Inc.*,
   02-CV-2514, 2009 WL 235648 (E.D.N.Y. Jan. 30, 2009 ...................................10

*Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162 (2d Cir. 2012)................7

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)................................................6

*Basak v. New York State Dep't of Health*,
   9 F. Supp. 3d 383 (S.D.N.Y. 2014) ...............................................................11

*Burkybile v. Bd. of Educ. of Hastings-On-Hudson*,
   411 F.3d 306 (2d Cir. 2005)...........................................................................9

*Burlington Coat Factory Warehouse Corp. v. Esprit De Corp.*,
   769 F. 2d 919, 924 (2d Cir. 1985 ..................................................................6

*Chertkova v. Conn. Gen. Life Ins. Co.*, 92 F.3d 81, 87 (2d Cir. 1996)......................6

*Chevron Corp. v. Donziger*, 974 F. Supp. 2d 362 (S.D.N.Y. 2014).......................10

*Desert Palace. Inc. v Costa*, 539 U.S. 90 (2003)......................................................7

*Evans v. Ottimo*, 469 F.3d 278 (2d Cir. 2006).........................................................9

*Gagnier*, 225 F.3d 161 (2d Cir. 2000) .....................................................................9

*Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 101 (2d Cir. 2010)....................6

*Gummo v. Vill. of Depew, N.Y.*, 75 F.3d 98, 107 (2d Cir. 1996).............................5

*Harris v. Provident Life & Accident Ins. Co.*, 310 F.3d 73 (2d Cir. 2002) ...............5

*In re Dunn*, 24 N.Y.3d 699 (2015)..........................................................................8

*Kaufman v. Eli Lilly & Co.*, 65 N.Y.2d 449 (1985)..................................................9

*Kosakow v. New Rochelle Radiology Assocs.*, P.C.,
   274 F.3d 706 (2d Cir. 2001).......................................................................9, 10

*Kwan v. Schlein*, 634 F.3d 224 (2d Cir. 2011).........................................................5

*Martin v. City Univ. of New York*,
 No. 17 Civ. 6791 (KPF), 2018 WL 6510805 (S.D.N.Y. Dec. 11, 2018) ..... 10, 11

*McDonnell Douglas Corp. v Green*, 411 U.S. 792 (1973 ..........................7

*McDonnell Douglas Corp.*, 411 U.S. at 802..............................................7

*Postlewaite v. McGraw-Hill*, 333 F.3d 42 (2d Cir. 2003) ....................9, 11

*Price Waterhouse v Hopkins*, 490 U.S. 228 (1989).....................................7

*Razzano v. Remsenburg-Speonk Union Free Sch. Dist.*,
 751 F. App'x 24 (2d Cir. 2018) ..............................................................5, 9

*Schwartz v. Pub. Adm'r of Bronx Cnty.*, 24 N.Y.2d 65 (1969) ..................9

*Vargas v. City of New York*, 377 F.3d 200 (2d Cir. 2004) .........................8

*Zakrzewska v The New School*, 14 NY3d 469 (2010) ................................<u>7</u>


**Statutes**

42 U.S.C. § 12101..........................................................................................4

New York Executive Law § 290....................................................................4

**Rules**

Fed. R. Evid. 801(c).....................................................................................10

# MEMORANDUM OF LAW

The plaintiff, Janice Razzano ("Razzano") responds to the defendants' motion for summary judgment and she respectfully moves the Court to deny the motion because the defendants have failed to show that there was a court decision that would preclude her from asserting her claim of unlawful workplace discrimination and other claims as asserted in her complaint.

### I. *The Complaint and the Basis of the Defendants' Motion for Summary Judgment*

There can be no dispute that Razzno's complaint alleged that:

> This case is brought (1) pursuant to the Americans with Disabilities Act of 1990 as amended, 42 U.S.C. §§ 12101 *et seq.* (the ADA) for Remsenburg-Speonk Union Free School District's (District) discrimination against Plaintiff due to her disability; (2) pursuant to the ADA for the District's retaliation against Plaintiff for her complaint of such discrimination; (3) pursuant to 42 U.S.C. § 1983 (§ 1983) for the District's retaliation against Plaintiff for her participation in her protected activity for complaints of discrimination in the workplace due to disability; (4) pursuant to the New York State Human Rights Law, New York Executive Law §§ 290 *et seq.* (NYEL) for the District's discrimination against Plaintiff due to her disability as well as for retaliation against Plaintiff for her complaint of such discrimination; and (5) pursuant to [New York Executive Law] for Katherine Salomone (Salomone), Thomas Kerr (Kerr), Lisa Fox (Fox), Kevin Frederico (Frederico), Cecilia Spellman-Frey (Frey) and Joel Petersen (Petersen) aiding, abetting, inciting, compelling and/or coercing the District's discrimination against Plaintiff due to her disability.

Dkt. 1, Complaint.

In this case, the basis of the defendants' motion is that Razzano's claims are precluded by earlier decisions in state courts and administrative proceedings. *See* Defs. Mot., pg. 11. Throughout defendants' motion they cite to Razzano's multiple cases against in which they claim that they are parties and that the determinations made in the mentioned cases preclude the claims being made here. *See id*. The defendants, however, fail to follow the guidance given by the Court of Appeals in *Razzano v. Remsenburg-Speonk Union Free Sch. Dist.*, 751 F. App'x 24 (2d Cir. 2018) -the order on remand of this case- and the cases cited therein that gave instructions on what is needed to make an issue preclusion argument.

## *II. The Law*

### *A.     Summary Judgment*

In deciding a motion for summary judgment, the Court must "view the evidence in the light most favorable to the party opposing summary judgment and must draw all permissible inferences" in favor of that party. *Harris v. Provident Life & Accident Ins. Co.*, 310 F.3d 73, 78 (2d Cir. 2002) (quoting *Gummo v. Vill. of Depew, N.Y.*, 75 F.3d 98, 107 (2d Cir. 1996) "Summary judgment is appropriate only 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Kwan v. Schlein*, 634 F.3d 224, 228 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)); *see Anderson v.*

*Liberty Lobby, Inc*., 477 U.S. 242, 247-48 (1986). "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Liberty Lobby*, 477 U.S. at 250.

With respect to the handling of summary judgment in discrimination cases, the Second Circuit has emphasized that trial courts must be especially careful in handing out summary judgment in discrimination cases because the employer's intent is ordinarily at issue. *Chertkova v. Conn. Gen. Life Ins. Co*., 92 F.3d 81, 87 (2d Cir. 1996). However, "[e]ven in the discrimination context, a plaintiff must provide more than conclusory allegations to resist a motion for summary judgment, and show more than some metaphysical doubt as to the material facts." *Gorzynski v. JetBlue Airways Corp*., 596 F.3d 93, 101 (2d Cir. 2010) (internal quotations and citations omitted). Finally, like a plaintiff, a defendant cannot rely on inadmissible evidence in supporting a motion for summary judgment. *See generally, Burlington Coat Factory Warehouse Corp. v. Esprit De Corp*., 769 F. 2d 919, 924 (2d Cir. 1985).

B. *The Burden Shifting Analysis for Summary Judgment in Employment Discrimination Cases*

In determining whether an issue of fact exists unlawful workplace discrimination, courts generally apply the burden shifting analysis developed in

*McDonnell Douglas Corp. v Green*, 411 U.S. 792 (1973) in the context of Title VII of the Civil Rights Act of 1964. *See Zakrzewska v. The New School*, 14 NY3d 469, 479 (2010). This analysis requires the plaintiff to demonstrate initially that he or she is a member of a protected class, that he or she was actively or constructively discharged, that he or she was qualified to hold the position, and that the discharge occurred under circumstances giving rise to an inference of discrimination. *McDonnell Douglas Corp.*, 411 U.S. at 802. The burden then shifts to the employer to rebut the presumption of discrimination by producing competent evidence that it had a legitimate, nondiscriminatory reason for the adverse employment decision. *McDonnell Douglas Corp.*, 411 U.S. at 802. If the employer meets this burden, then the burden shifts to the plaintiff to raise a triable issue of fact as to whether the asserted reason was a pretext for discrimination. *Price Waterhouse v Hopkins*, 490 U.S. 228 (1989); *Desert Palace. Inc. v Costa*, 539 U.S. 90 (2003).

C.   *Issue Preclusion*

"[I]n order to determine the preclusive effect of a state-court decision, a federal court must look to the law of that state and should not give the state-court decision any greater preclusive effect than the courts of that state would give it." *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 191 (2d Cir. 2012). The federal common law and New York state rules of issue preclusion is similar. *See*

7

*Farrell v. Burke*, 449 F.3d 470, 482-83 (2d Cir. 2006).

"Under New York law, issue preclusion occurs if (1) the issue in question was actually and necessarily decided in the prior proceeding, and (2) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the first proceeding." *Vargas v. City of New York*, 377 F.3d 200, 205-06 (2d Cir. 2004). "The party seeking to invoke [issue preclusion] has the burden to show the identity of the issues, while the party trying to avoid application of the doctrine must establish the lack of a full and fair opportunity to litigate." *In re Dunn*, 24 N.Y.3d 699, 704 (2015).

In the context of administrative agency determinations, however, the doctrine of issue preclusion "is applied more flexibly, and additional factors must be considered by the court." *ABN AMRO Bank, N.V. v. MBIA Inc.*, 17 N.Y.3d 208, 226 (2011) (citation omitted). These additional factors are designed to ensure "that the administrative decision [was] 'quasi-judicial' in character," that is, rendered pursuant to "procedures substantially similar to those used in a court of law" such that there was a "full and fair opportunity to contest the decision now said to be controlling." Id. (citation omitted).

To determine whether a determination was "quasi-judicial," the New York Court of Appeals has instructed courts to consider "the various elements which make up the realities of litigation." *Kosakow v. New Rochelle Radiology Assocs.*,

P.C., 274 F.3d 706, 734 (2d Cir. 2001) (other citations omitted). The specific factors to be considered include "the size of the claim, the forum of the prior litigation, the use of initiative, the extent of the litigation, the competence and experience of counsel, the availability of new evidence, indications of a compromise verdict, differences in the applicable law and foreseeability of future litigation." Id. (*quoting Schwartz v. Pub. Adm'r of Bronx Cnty.*, 24 N.Y.2d 65, 72 (1969)).

## *II. Argument*

With respect to summary judgement, the defendants have not put forth any material facts; rather, they claim that some if not all of Razzano's claims are subject to dismissal based on an issue preclusion theory. *See* Defs. Mot., pg. 11. In support of this theory, the defendants' have citied to Razzano's previous cases in which they were the defendants and those cases are offered as evidence of *res judicata* or issue preclusion. That argument, however, fail under *Postlewaite v. McGraw-Hill*, 333 F.3d 42, 48 (2d Cir. 2003), *Sullivan v. Gagnier*, 225 F.3d 161, 166 (2d Cir. 2000), *Burkybile v. Bd. of Educ. of Hastings-On-Hudson*, 411 F.3d 306, 311-12 (2d Cir. 2005), *Evans v. Ottimo*, 469 F.3d 278, 281 (2d Cir. 2006) (citing *Kaufman v. Eli Lilly & Co.*, 65 N.Y.2d 449, 455-56 (1985)). The foregoing cases were all cited by the Second Circuit Court of Appeals in *Razzano v. Remsenburg-Speonk Union Free Sch. Dist.*, 751 F. App'x 24 (2d Cir. 2018), the

**9**

Summary Order that reversed the prior court's dismissal of this action and it was to serve as guidance for the defendants in asserting an issue preclusion theory.

For purposes of their issue preclusion theory, the instant defendants are required to show the Court that Razzano had a full and fair opportunity to litigate her claims that are being alleged here. *See Kosakow v. New Rochelle Radiology Assocs., P.C.*, 274 F.3d 706, 730 (2d Cir. 2001); *see generally Martin v. City Univ. of New York*, No. 17 Civ. 6791 (KPF), 2018 WL 6510805, at *6 (S.D.N.Y. Dec. 11, 2018). Rather than make this showing, the defendants wrongly rely on the lower courts' earlier decisions for the truth of the matter that they want to assert; namely, that Razzano's claims here are barred by an earlier decision on the merit. *See* Defs. Rule 56.1 Statement at ¶¶ 8, 10, 11, 12, 14, 15, 16, 18 and 20. There, Razzano objects because the factual assertions in theses decisions are barred because they are hearsay. *See* Fed. R. Evid. 801(c).

Similar to the hearsay ruling in *Chevron Corp. v. Donziger*, 974 F. Supp. 2d 362, 607 (S.D.N.Y. 2014), "[t]he statements and conclusions contained in these decisions and rulings were out of court statements." "Thus, if offered to prove their truth, they would have been inadmissible absent the existence of an applicable exception." *Id*. (other internal citations omitted). In this case, the defendants have offered no exception to this rule. *See Amerisource Corp. v. RxUSA Int'l Inc.*, 02-CV-2514, 2009 WL 235648 at *1 (E.D.N.Y. Jan. 30, 2009) ("Hearsay is

inadmissible, even if relevant, unless there is an applicable exception") (internal citations omitted). Therefore, the lower courts' opinions must be rejected because they are barred by the rule against hearsay.

Notwithstanding, the defendants' failure to get pass the hearsay bar, assuming in arguendo, they would have to show the identity of the issues actually litigated. *See e.g. Postlewaite* 333 F.3d at 48. In this case, the defendants are required to show -at the very least- that Razzano raised violations of law for employment discrimination related to her disability; that the defendants retaliated against her for complaining about employment discrimination but-for her disability; that the defendants' violated her due process rights to employment and the other related claims. Here, they have not made such a showing; rather, the defendants have cited to a collection of cases in which Razzano sued the defendants -some remanded and have an undetermined fate- but we do not know if she was actually represented by counsel or she proceed *pro se*.

As in *Martin* "[a]t this stage of the analysis, courts look to a variety of non-dispositive factors when making a determination and consider 'the various elements which make up the realities of litigation." *Id.,* 2018 WL 6510805 at *6; *see Basak v. New York State Dep't of Health*, 9 F. Supp. 3d 383, 396 (S.D.N.Y. 2014) ("This form of assessment is certainly not formulaic, and requires the court, on a case-by-case basis, to balance a number of potentially competing

considerations").

### *III. Conclusion*

Therefore, in view the evidence in the light most favorable to Razzano -the party opposing summary judgment- and drawing all permissible inferences in Razzano's favor, she respectfully moves the Court to deny the defendants' motion for summary judgment because they have failed to show that there is no genuine dispute as to any material fact to support their claim preclusion argument.

October 24, 2019
New York, New York

Respectfully submitted,

LAW OFFICE OF
LOCKSLEY O. WADE, LLC
11 Broadway, Suite 615
New York, NY 10004
(212) 933-9180
(212) 933-9181 – Fax
wade@wadefirm.com – Email
*Attorney for Plaintiff*

By: /s/ *Locksley O. Wade*
Locksley O. Wade, Esq.