UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANICE RAZZANO,<br><br>        Plaintiff,<br><br>v.<br><br>REMSENBURG-SPEONK UNION FREE SCHOOL DISTRICT, KATHERINE SALOMONE, THOMAS KERR, LISA FOX, KEVIN FEDERICO, CECELIA SPELLMAN- FREY, JOEL PETERSON, RONALD M. MASERA and JOHN KERN in their official and individual capacities pursuant to NYEL §§ 290 et seq.,<br><br>        Defendants. | ECF/CM Case<br><br><br>Case No. 11-CV-02920-KAM-PK<br><br>**PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' LOCAL RULE 56.1 STATEMENT** |

The plaintiff respectfully submits her responses and objections to Defendants' Local Rule 56.1 Statement of Material Facts in support of their motion for summary judgment. The numbered paragraphs of the defendants' material facts are restated and each is followed with the plaintiff's response.

1. For school year 2010 – 2011, the Remsenberg-Speonk Union Free School District ("School") had a reduced student body from the year before, decreasing from 193 to 169 students. (Solomon 5/25/2010 Aff, Exhibit "A," ¶¶. 5 and 13).

    **Response:** Plaintiff objects because this allegation on is based on inference-on-inference and it violates Rule 56 (c) (2), in that, there is no supporting

1

document citied in the citied paragraphs of the Solomone Affidavit. Note: the correct spelling of the affiant's name is Solomone not Solomon.

2. For school year 2010 – 2011, there was a decrease in state funding requiring a budget reduction. (Solomon 5/25/2010 Aff, Exhibit "A," ¶¶. 5 and 13).

**Response:** Plaintiff objects because this allegation on is based on inference-on-inference and violates Rule 56 (c) (2), in that, there is no supporting document citied in the citied paragraphs of the Solomone Affidavit.

3. In 2010, the School eliminated one position and reduced two positions from full to half-time, with Plaintiff's position being reduced to half time. (Id., ¶11); (6/14/2010 BOE Minutes, Exhibit "B").

**Response:** Plaintiff objects: the citation to ¶11 of the Solomone Affidavit does not discuss are reduction in staff. The plaintiff, however, does not object to the citation to the "6/14/2010 BOE Minutes, Exhibit "B" that notes how the Board voted.

4. In 2010, the School had three (3) students who participated in regular mandated counseling sessions and for whom Plaintiff had to prepare annual reports as part of their Individualized Education Program ("IEP"), and the school had five other students who attended non-mandatory counseling. (Achilich 5/25/2010 Affidavit, Exhibit "C," ¶ 7).

**Response:** Plaintiff objects because this allegation on is based on inference-on-inference and violates Rule 56 (c) (2), in that, there is no supporting

document cited in the citied paragraphs of the Achilich Affidavit.

5. In or around 2009, Plaintiff complained of persistent coughing while at school, with an undetermined cause. (Exhibits "E," "F," and "G").

**Response:** Plaintiff has no objection.

6. Multiple environmental tests found no evidence of an environmental cause for Plaintiff's complaints. (Exhibits "J," "K," "L," "M," "N", "O," "P," "Q," "R," "S," and "T").

**Response:** This is a disputed conclusion based on the defendant's own expert from Exhibit J referenced therein. There, he states,

> It is important to note that this inspection and sampling are limited in that it only reports the presence and conditions of the parameters analyzed at the time the inspection and sampling was performed. Although every attempt was made to collect the samples at a time which is most representative of the typical conditions of the subject spaces, these results cannot guarantee the conditions prior to, and subsequent to, when the samples were collected. If the occupant's concerns and/or symptoms persist, further investigation, including more expansive air monitoring and collaboration with the occupant's physician is recommended

7. In or around November 2010, Plaintiff was diagnosed with "mild obstructive ventilatory defect with improvement after bronchodilators." (11/5/2010 Schema Report, Exhibit "U");

**Response:** Plaintiff has no objection.

8. The School agreed to accommodation requests, including but not limited

3

to moving offices, wearing a respirator, additional recess periods, new paint, and new ceiling tiles. (Exhibits "A," "C," and "S") ;(Complaint, Exhibit "D," ¶¶ 98 – 101); (2/5/2015 *Post-Trial* Decision, 37607/2010, Exhibit "H," Page 10); *Razzano v. Remsenburg-Speonk UFSD*, 162 A.D.3d 1043, 1045 (2d Dept. 2018).

**Response:** Plaintiff objects because this allegation on is based on inference-on-inference and violates Rule 56 (c) (2), in that, there is no supporting document cited in the cited paragraphs of the affidavit (Exhibits A and C). Plaintiff further objects that Exhibit S is hearsay (a letter commenting of expert reports) and Exhibit H (a court decision) is hearsay pursuant to Fed. R. Evid. 801(c). Plaintiff objects again that to the extent that Exhibit S is being offered as an issue of law – res judicata or issue preclusion- it fails under *Postlewaite v. McGraw-Hill*, 333 F.3d 42, 48 (2d Cir. 2003), *Sullivan v. Gagnier*, 225 F.3d 161, 166 (2d Cir. 2000), *Burkybile v. Bd. of Educ. of Hastings-On-Hudson*, 411 F.3d 306, 311-12 (2d Cir. 2005), *Evans v. Ottimo*, 469 F.3d 278, 281 (2d Cir. 2006) (citing *Kaufman v. Eli Lilly & Co.*, 65 N.Y.2d 449, 455-56 (1985)), all cases cited by the Second Circuit Court of Appeals in *Razzano v. Remsenburg-Speonk Union Free Sch. Dist., et al.*, 751 F. App'x 24 (2d Cir. 2018) Cir. 2018), the Summary Order that reversed the prior court's dismissal of this action.

9. The School "made every effort to unhesitatingly and reasonably accommodate" Plaintiff "time and again… in good faith and without any remarkable

4

reluctance." (2/5/2015 *Post-Trial Decision*, Index No. 37607/2010, Exhibit "H," Page 10).

10. The School had "legitimate budgetary reasons" for reducing Plaintiff's position to half-time. (2/5/2015 *Post-Trial Decision*, Index No. 37607/2010, Exhibit "H," Page 11).

**Response:** Plaintiff objects pursuant to Fed. R. Evid. 801(c), hearsay, because it is being offered for the truth of the matter asserted in the judgment. Plaintiff further objects because there is no statement or judgment as to the claims asserted under the American With Disabilities Act being raised in the operative complaint in this action. Plaintiff objects again that to the extent that Exhibit H is being offered as an issue of law – res judicata or issue preclusion- it fails under *Postlewaite v. McGraw-Hill*, 333 F.3d 42, 48 (2d Cir. 2003), *Sullivan v. Gagnier*, 225 F.3d 161, 166 (2d Cir. 2000), *Burkybile v. Bd. of Educ. of Hastings-On-Hudson*, 411 F.3d 306, 311-12 (2d Cir. 2005), *Evans v. Ottimo*, 469 F.3d 278, 281 (2d Cir. 2006) (citing *Kaufman v. Eli Lilly & Co.*, 65 N.Y.2d 449, 455-56 (1985)), all cases cited by the Second Circuit Court of Appeals in *Razzano v. Remsenburg-Speonk Union Free Sch. Dist., et al.*, 751 F. App'x 24 (2d Cir. 2018) Cir. 2018), the Summary Order that reversed the prior court's dismissal of this action.

11. The School made "consistent good-faith efforts to address her complaints and to provide reasonable accommodations for the petitioner's alleged health issues."

5

*Razzano v. Remsenburg-Speonk UFSD*, 162 A.D.3d 1043, 1045 (2d Dept. 2018).

**Response:** Plaintiff objects pursuant to Fed. R. Evid. 801(c), hearsay, because it is being offered for the truth of the matter asserted in the judgment. Plaintiff further objects because there is no statement or judgment as to the claims asserted under the American With Disabilities Act being raised in the operative complaint in this action. Plaintiff objects again that to the extent that the case citied by the defendant in this paragraph is being offered as an issue of law – res judicata or issue preclusion- it fails under *Postlewaite v. McGraw-Hill*, 333 F.3d 42, 48 (2d Cir. 2003), *Sullivan v. Gagnier*, 225 F.3d 161, 166 (2d Cir. 2000), *Burkybile v. Bd. of Educ. Of Hastings-On-Hudson*, 411 F.3d 306, 311-12 (2d Cir. 2005), *Evans v. Ottimo*, 469 F.3d 278, 281 (2d Cir. 2006) (citing *Kaufman v. Eli Lilly & Co.*, 65 N.Y.2d 449, 455-56 (1985)), all cases cited by the Second Circuit Court of Appeals in *Razzano v. Remsenburg-Speonk Union Free Sch. Dist., et al.*, 751 F. App'x 24 (2d Cir. 2018) Cir. 2018), the Summary Order that reversed the prior court's dismissal of this action.

12. The New York State Commissioner of Education Found that Petitioner's claims that the reduction to half time was in "bad faith," to the extent within the Department of Education's jurisdiction, were not supported by "any evidence." (*NYS Commissioner of Education, Decision No.* 17,076, annexed hereto as Exhibit "X").

**Response:** Plaintiff objects pursuant to Fed. R. Evid. 801(c), hearsay, because it is being offered for the truth of the matter asserted in the judgment. Plaintiff further

objects because there is no statement or judgment as to the claims asserted under the American With Disabilities Act being raised in the operative complaint in this action. Plaintiff objects again that to the extent that above referenced administrative decision is being offered as an issue of law – res judicata or issue preclusion- it fails under *Postlewaite v. McGraw-Hill*, 333 F.3d 42, 48 (2d Cir. 2003), *Sullivan v. Gagnier*, 225 F.3d 161, 166 (2d Cir. 2000), *Burkybile v. Bd. of Educ. of Hastings-On-Hudson*, 411 F.3d 306, 311-12 (2d Cir. 2005), *Evans v. Ottimo*, 469 F.3d 278, 281 (2d Cir. 2006) (citing *Kaufman v. Eli Lilly & Co.*, 65 N.Y.2d 449, 455-56 (1985)), all cases cited by the Second Circuit Court of Appeals in *Razzano v. Remsenburg-Speonk Union Free Sch. Dist., et al.*, 751 F. App'x 24 (2d Cir. 2018) Cir. 2018), the Summary Order that reversed the prior court's dismissal of this action.

13. On or about May 9, 2012, Plaintiff was found not mentally fit. (3/9/2012 Solomon Report, Exhibit "Y"; 5/29/2012 Solomon Supplemental Report, Exhibit "Z," P. 4).

**Response:** According to Dr. Solomon's report "[a]lthough a diagnosis could not be determined . . . . ." *See* Exhibit Y at pg. 8, Solomon Report.

14. An arbitration award, sustaining disciplinary charges against Plaintiff for, among other things, failing to supervise students as the assigned lunch monitor on June 22, 2010, leaving confidential student records exposed in public printers on at least seven occasions during 2011, criticizing another teacher to students, and failing

to cooperate with the psychiatric fitness evaluation, was confirmed by the New York State Supreme Court. (1/31/2014 Decision in *Razzano v. Remsenberg-Speonk UFSD*, Index No. 16057/2013, Exhibit "AA," Page 2); *Razzano v. Remsenburg-Speonk Union Free School Dist.*, No. 16057-2013, 2014 WL 12664729, at *1 (N.Y. Sup. Ct. Mar. 14, 2014).

**Response:** Plaintiff objects pursuant to Fed. R. Evid. 801(c), hearsay, because it is being offered for the truth of the matter asserted in the judgment. Plaintiff further objects because there is no statement or judgment as to the claims asserted under the American With Disabilities Act being raised in the operative complaint in this action. Plaintiff objects again that to the extent that cases cited above are being offered as an issue of law – res judicata or issue preclusion- it fails under *Postlewaite v. McGraw-Hill*, 333 F.3d 42, 48 (2d Cir. 2003), *Sullivan v. Gagnier*, 225 F.3d 161, 166 (2d Cir. 2000), *Burkybile v. Bd. of Educ. of Hastings-On-Hudson*, 411 F.3d 306, 311-12 (2d Cir. 2005), *Evans v. Ottimo*, 469 F.3d 278, 281 (2d Cir. 2006) (citing *Kaufman v. Eli Lilly & Co.*, 65 N.Y.2d 449, 455-56 (1985)), all cases cited by the Second Circuit Court of Appeals in *Razzano v. Remsenburg-Speonk Union Free Sch. Dist., et al.*, 751 F. App'x 24 (2d Cir. 2018) Cir. 2018), the Summary Order that reversed the prior court's dismissal of this action.

15. The arbitration award finding that Plaintiff was not mentally fit was confirmed by the Supreme Court. (1/31/2014 Decision in *Razzano v. Remsenberg-*

*Speonk UFSD*, Index No. 16057/2013, Exhibit "AA," Page 2); *Razzano v Remsenburg-Speonk Union Free School Dist.*, No. 16057-2013, 2014 WL 12664729, at *1 (N.Y. Sup. Ct. Mar. 14, 2014).

**Response:** Plaintiff objects pursuant to Fed. R. Evid. 801(c), hearsay, because it is being offered for the truth of the matter asserted in the judgment. Plaintiff further objects because there is no statement or judgment as to the claims asserted under the American With Disabilities Act being raised in the operative complaint in this action. Plaintiff objects again that to the extent that cases cited above are being offered as an issue of law – res judicata or issue preclusion- it fails under *Postlewaite v. McGraw-Hill*, 333 F.3d 42, 48 (2d Cir. 2003), *Sullivan v. Gagnier*, 225 F.3d 161, 166 (2d Cir. 2000), *Burkybile v. Bd. of Educ. of Hastings-On-Hudson*, 411 F.3d 306, 311-12 (2d Cir. 2005), *Evans v. Ottimo*, 469 F.3d 278, 281 (2d Cir. 2006) (citing *Kaufman v. Eli Lilly & Co.*, 65 N.Y.2d 449, 455-56 (1985)), all cases cited by the Second Circuit Court of Appeals in *Razzano v. Remsenburg-Speonk Union Free Sch. Dist., et al.*, 751 F. App'x 24 (2d Cir. 2018) Cir. 2018), the Summary Order that reversed the prior court's dismissal of this action.

16. "The Board's determination to reclassify the petitioner's position [as half time] was based on valid budget concerns." *Razzano v. Remsenburg-Speonk UFSD*, 162 A.D.3d 1043, 1045-46 (2d Dept. 2018).

**Response:** Plaintiff objects pursuant to Fed. R. Evid. 801(c), hearsay,

9

because it is being offered for the truth of the matter asserted in the judgment. Plaintiff further objects because there is no statement or judgment as to the claims asserted under the American With Disabilities Act being raised in the operative complaint in this action. Plaintiff objects again that to the extent that cases cited above are being offered as an issue of law – res judicata or issue preclusion- it fails under *Postlewaite v. McGraw-Hill*, 333 F.3d 42, 48 (2d Cir. 2003), *Sullivan v. Gagnier*, 225 F.3d 161, 166 (2d Cir. 2000), *Burkybile v. Bd. of Educ. of Hastings-On-Hudson*, 411 F.3d 306, 311-12 (2d Cir. 2005), *Evans v. Ottimo*, 469 F.3d 278, 281 (2d Cir. 2006) (citing *Kaufman v. Eli Lilly & Co.*, 65 N.Y.2d 449, 455-56 (1985)), all cases cited by the Second Circuit Court of Appeals in *Razzano v. Remsenburg-Speonk Union Free Sch. Dist., et al.*, 751 F. App'x 24 (2d Cir. 2018) Cir. 2018), the Summary Order that reversed the prior court's dismissal of this action.

17. "The Board's determination to reclassify the petitioner's position" to half- time "was not made in bad faith or to retaliate for the petitioner's complaints." Id.

**Response:** Plaintiff objects pursuant to Fed. R. Evid. 801(c) because it is being offered for the truth of the matter asserted in the judgment. Plaintiff further objects because there is no statement or judgment as to the claims asserted under the American With Disabilities Act being raised in the operative complaint in this action. Plaintiff objects again that to the extent that cases cited above are being offered as an

issue of law – res judicata or issue preclusion- it fails under *Postlewaite v. McGraw-Hill*, 333 F.3d 42, 48 (2d Cir. 2003), *Sullivan v. Gagnier*, 225 F.3d 161, 166 (2d Cir. 2000), *Burkybile v. Bd. of Educ. of Hastings-On-Hudson*, 411 F.3d 306, 311-12 (2d Cir. 2005), *Evans v. Ottimo*, 469 F.3d 278, 281 (2d Cir. 2006) (citing *Kaufman v. Eli Lilly & Co.*, 65 N.Y.2d 449, 455-56 (1985)), all cases cited by the Second Circuit Court of Appeals in *Razzano v. Remsenburg-Speonk Union Free Sch. Dist., et al.*, 751 F. App'x 24 (2d Cir. 2018) Cir. 2018), the Summary Order that reversed the prior court's dismissal of this action.

18. Plaintiff's "complaints about the school building were unfounded." *Razzano v. Remsenburg-Speonk UFSD*, 162 A.D.3d 1043, 1045-46 (2d Dept. 2018).

**Response:** Plaintiff objects pursuant to Fed. R. Evid. 801(c), hearsay, because it is being offered for the truth of the matter asserted in the judgment. Plaintiff further objects because there is no statement or judgment as to the claims asserted under the American With Disabilities Act being raised in the operative complaint in this action. Plaintiff objects again that to the extent that cases cited above are being offered as an issue of law – res judicata or issue preclusion- it fails under *Postlewaite v. McGraw-Hill*, 333 F.3d 42, 48 (2d Cir. 2003), *Sullivan v. Gagnier*, 225 F.3d 161, 166 (2d Cir. 2000), *Burkybile v. Bd. of Educ. of Hastings-On-Hudson*, 411 F.3d 306, 311-12 (2d Cir. 2005), *Evans v. Ottimo*, 469 F.3d 278, 281 (2d Cir. 2006) (citing *Kaufman v. Eli Lilly & Co.*, 65 N.Y.2d 449, 455-56 (1985)), all cases cited by

the Second Circuit Court of Appeals in *Razzano v. Remsenburg-Speonk Union Free Sch. Dist., et al.*, 751 F. App'x 24 (2d Cir. 2018) Cir. 2018), the Summary Order that reversed the prior court's dismissal of this action.

19. The School "made consistent good-faith efforts to address [Plaintiff's] complaints and to provide reasonable accommodations for the [Plaintiff's] alleged health issues." *Razzano v. Remsenburg-Speonk UFSD*, 162 A.D.3d 1043, 1045-46 (2d Dept. 2018).

**Response:** Plaintiff objects pursuant to Fed. R. Evid. 801(c), hearsay, because it is being offered for the truth of the matter asserted in the judgment. Plaintiff further objects because there is no statement or judgment as to the claims asserted under the American With Disabilities Act being raised in the operative complaint in this action. Plaintiff objects again that to the extent that cases cited above are being offered as an issue of law – res judicata or issue preclusion- it fails under *Postlewaite v. McGraw-Hill*, 333 F.3d 42, 48 (2d Cir. 2003), *Sullivan v. Gagnier*, 225 F.3d 161, 166 (2d Cir. 2000), *Burkybile v. Bd. of Educ. of Hastings-On-Hudson*, 411 F.3d 306, 311-12 (2d Cir. 2005), *Evans v. Ottimo*, 469 F.3d 278, 281 (2d Cir. 2006) (citing *Kaufman v. Eli Lilly & Co.*, 65 N.Y.2d 449, 455-56 (1985)), all cases cited by the Second Circuit Court of Appeals in *Razzano v. Remsenburg-Speonk Union Free Sch. Dist., et al.*, 751 F. App'x 24 (2d Cir. 2018) Cir. 2018), the Summary Order that reversed the prior court's dismissal of this action.

20. Plaintiff's "inappropriate, unprofessional, or insubordinate conduct… demonstrate[d] a separate and independent basis for" her termination. *Razzano v. Remsenburg-Speonk Union Free Sch. Dist.*, 144 A.D.3d 810, 811 (2d Dept. 2016).

**Response:** Plaintiff objects pursuant to Fed. R. Evid. 801(c), hearsay, because it is being offered for the truth of the matter asserted in the judgment. Plaintiff further objects because there is no statement or judgment as to the claims asserted under the American With Disabilities Act being raised in the operative complaint in this action. Plaintiff objects again that to the extent that cases cited above are being offered as an issue of law – res judicata or issue preclusion- it fails under *Postlewaite v. McGraw-Hill*, 333 F.3d 42, 48 (2d Cir. 2003), *Sullivan v. Gagnier*, 225 F.3d 161, 166 (2d Cir. 2000), *Burkybile v. Bd. of Educ. of Hastings-On-Hudson*, 411 F.3d 306, 311-12 (2d Cir. 2005), *Evans v. Ottimo*, 469 F.3d 278, 281 (2d Cir. 2006) (citing *Kaufman v. Eli Lilly & Co.*, 65 N.Y.2d 449, 455-56 (1985)), all cases cited by the Second Circuit Court of Appeals in *Razzano v. Remsenburg-Speonk Union Free Sch. Dist., et al.*, 751 F. App'x 24 (2d Cir. 2018) Cir. 2018), the Summary Order that reversed the prior court's dismissal of this action.

October 24, 2019  
New York, New York

Respectfully submitted,

LAW OFFICE OF  
LOCKSLEY O. WADE, LLC  
11 Broadway, Suite 615  
New York, NY 10004

(212) 933-9180
(212) 933-9181 – Fax
wade@wadefirm.com – Email
*Attorney for Plaintiff*

By: /s/ *Locksley O. Wade*
Locksley O. Wade, Esq.